### COMMONWEALTH vs. OWEN McCANTS.

Suffolk. March 21, 1985. — June 28, 1985.

Present: KASS, CUTTER, & FINE, JJ.

*Practice, Criminal,* Speedy trial, Continuance. *Attorney at Law,* Attorney-client relationship.

A criminal defendant who was not brought to trial within twelve months following his arraignment, as required by Mass.R.Crim.P. 36, was bound by his attorney's action in requesting, agreeing to, or acquiescing in various continuances, even though the continuances were not expressly authorized or agreed to by the defendant, and he was, thus, not entitled under that rule to dismissal of the charges against him. [299-301]

INDICTMENTS found and returned in the Superior Court Department, seven on December 14, 1982, and one on June 5, 1984.

A motion to dismiss was heard by *John Paul Sullivan,* J.

*Ellen M. Donahue,* Assistant District Attorney, for the Commonwealth.

*John E. Conwell* for the defendant.

KASS, J. Once again we grapple with application of Mass.R.Crim.P. 36, 378 Mass. 909 (1979). See *Commonwealth* v. *Moore, ante* 1. The rule bears the title "Case Management" and is commonly referred to as the "speedy trial rule."

In the instant case, the problem involves delays sought or agreed to by defense counsel, but not expressly authorized by the defendant. Should such delays be excluded in calculating the time limit for bringing an accused to trial under the rule? If the answer is "yes," the indictments[1] against the defendant,

---

[1] McCants was indicted for kidnapping, assault with intent to rape, and assault and battery with a dangerous weapon upon one victim, on October 18, 1982; attempted kidnapping, assault with a dangerous weapon, and assault and battery upon another victim, on October 19, 1982; and possession

McCants, were wrongly dismissed. We think those delays are excludable and vacate the order dismissing the indictments.

McCants was arraigned December 23, 1982, the "return day" for purposes of the rule. Under subdivision (b)(1)(C) of rule 36, he was entitled to "be tried within twelve months after the return day," excluding periods of delay attributable to him or otherwise justified under the rule by the Commonwealth. Unless the one-year limit was thus extended by exclusions, the defendant was entitled to dismissal of the indictments against him. *Barry* v. *Commonwealth*, 390 Mass. 285, 290-291 (1983). See also *Commonwealth* v. *Farris*, 390 Mass. 300 (1983). As in *Commonwealth* v. *Moore, supra,* the defendant twice moved for dismissal under rule 36. On the first occasion, some fourteen months after arraignment, a judge of the Superior Court (the first motion judge) found the Commonwealth had justified eighty-eight days of excludable delay and that the motion to dismiss did not lie.

The second motion to dismiss was filed June 1, 1984, heard by a different judge (the second motion judge), and allowed. From the resultant order of dismissal of the indictments, the Commonwealth has appealed. At the time of the filing of the second motion, the twelve-month limit had been exceeded by 161 days. McCants concedes that 114 of those days are excludable on account of various motions filed by him and the time reasonably required to hear and decide those motions.[2] The Commonwealth, thus, had the burden of justifying at least forty-seven days as excludable for calculating the rule 36 limit.

Previous decisions have established that periods of delay in which a defendant acquiesces, for which he is responsible,

---

of a dangerous weapon while disturbing the public peace, on the latter date. An indictment for indecent assault and battery on the first victim was handed up on June 5, 1984. For reasons we assume are accidental, that indictment was dismissed on the defendant's rule 36 motion although the indictment was not handed up until four days *after* the defendant had filed his second rule 36 motion.

[2] Quite properly, the defendant conceded only thirty days for the judge to take a motion under advisement. See rule 36(b)(2)(A)(vii). The defendant may be on dubious ground in not conceding the time between the filing of a motion and when it is heard. See *Commonwealth* v. *Barry*, 390 Mass. at 294 n.11.

or from which he benefits, are excludable from calculation of the time limits of rule 36. *Barry* v. *Commonwealth*, 390 Mass. at 295. When a defendant has agreed to continuances or failed to object to delays, he will be held to have acquiesced in them for rule 36 purposes. *Commonwealth* v. *Farris*, 390 Mass. at 305. See also *Commonwealth* v. *Look*, 379 Mass. 893, 898-899 & n.2, cert. denied, 449 U.S. 827 (1980). Here there was a series of continuances either requested, agreed to, or acquiesced in by defense counsel. McCants' point on appeal is that counsel was making free with McCants' time in jail (high bail had been set and McCants could not make bail) on occasions when he, McCants, was not present in court, and that McCants had not asked for, agreed to, or acquiesced in the critical delays. What is at issue reduces to whether a defendant is bound by counsel's decisions on the continuances.

We are not concerned with the credibility of witnesses and proceed entirely on the docket and transcript of proceedings at the Suffolk first jury session. It is in order for us to reach our own conclusions since, for purposes of analysis, the factual underpinning is not in dispute. *Barry* v. *Commonwealth*, 390 Mass. at 289-290.

We concentrate on five occasions of delay. None was considered by either motion judge. The second motion judge declared as definitive the finding of the first motion judge that there were eighty-eight days excluded as of February 24, 1984, for rule 36 purposes. Examination of the first motion judge's memorandum of decision and order discloses, however, that the first motion judge did not consider the more debatable exclusion periods and, understandably, calculated those exclusions which, under the text of the rule, qualified readily, e.g., filing and hearing of pretrial motions (rule 36[b][2][A][v]); motion to dismiss counsel (rule 36[b][2][A]); taking a defense motion under advisement (rule 36[b][2][A][vii]); and appointment of new counsel (rule 36[b][2][A] or [F] and Reporter's Notes thereto). That calculation gave the first motion judge twenty-six days to spare to determine that a motion to dismiss under rule 36 was not then ripe.

Unlike the case in *Commonwealth* v. *Moore, supra* at 6, the prosecution urged before the second motion judge that there were surplus exclusion days before February 24, 1984, not considered or used in the first calculation, which the second motion judge ought to consider. As the government did not in the trial court concede the finality of the first judge's calculation, we consider the entire period after arraignment open for examination.

1. *The March 21, 1983, to May 18, 1983, continuance (59 excludable days).*[3] This continuance shows on the docket and in the stenographic record as entered into "by agreement." Docket entries are prima facie evidence of the facts recorded there. *Commonwealth* v. *Barry,* 390 Mass. at 289. McCants testified at the first motion hearing that he did not "agree or consent or instruct [his] attorney to agree or consent to that continuance." He, McCants, just "allowed [the attorney] to handle the case."

2. *The May 18, 1983, to May 24, 1983, continuance (6 excludable days).*[4] On that day, defense counsel asked leave to file a late motion for a lineup and two motions to dismiss and for a hearing on those motions on June 2, 1983. The court allowed the defense motions and the clerk intoned that "rule 36 is tolled" although the presiding judge made no mention of it. Defense counsel filed his motions on May 25. The defendant disputes exclusion of the days between May 18 and the date the motions were filed. Once the motions were filed, the defendant

---

[3] There was a continuance of a pretrial conference at the defendant's initiative, from January 13, 1983, to January 26, 1983. The case came before the court on January 27, and was scheduled for trial, by agreement of counsel, on March 21. Arguably, the fourteen days between January 13 and January 26 are excludable, but we pick up the trail at what the court and the parties established as a trial date. In doing so we do not intimate that those fourteen days are not excludable.

[4] Computation of an excludable period includes both the first and the last day of the excludable act or event. Mass.R.Crim.P. 36(b)(3), 378 Mass. 912 (1979). *Barry* v. *Commonwealth,* 390 Mass. 285, 292 (1983). The count for this period begins on May 19, however, since May 18 has already been once excluded.

concedes the tolling of rule 36 until June 29, when the defense motions were disposed of. Nothing then happened until October 18. The Commonwealth concedes responsibility for the delay between June 29 and October 18 and the inclusion of that period in the rule 36 year.

3. *The October 18, 1983 to October 25, 1983, continuance (8 excludable days).* The continuance was at defense counsel's request. There is a remark to the court by the government of a possible change of plea.

4. *The October 25, 1983, November 3, 1983, continuance (10 excludable days).* For October 25, 1983, the docket reflects a continuance to November 3, 1983, "for status" and makes no mention whether the continuance was by agreement. The transcript of proceedings on October 25 reflects that defense counsel took the initiative in asking for a continuance to November 3, 1983, so that the defendant, pro se, might file and present motions to dismiss. Transcripts of proceedings are part of the record on appeal. Mass.R.A.P. 8(a), 378 Mass. 933 (1979), and 8(b)(2), 378 Mass. 944 (1979). The defendant complains that transcripts of the Suffolk first jury session proceedings were not made available to the motion judges and that we should not consider them. As the first motion judge, for reasons we have explained, never reached the ordinary continuances, and the second motion judge examined events only after February 24, 1984, the judges were not deprived of material they might have used, and we are free to use the transcripts to resolve ambiguities in the docket. McCants testified that he did not consent to the continuances on October 18 or October 25.

5. *The January 27, 1984, to February 10, 1984, continuance (15 excludable days).* By January 27, 1984, McCants had moved to dismiss his lawyer[5] and a Superior Court judge had appointed new counsel. Successor counsel, according to the docket, requested a continuance on January 27 to February 10,

---

[5] For good measure, McCants also complained about his lawyer to the Board of Bar Overseers. The basis of McCants' dissatisfaction appears to be beyond delay; McCants told the court his first lawyer was not doing "the things which I expected a defense attorney to do."

in order to have an investigation made. Although McCants acknowledged the importance of obtaining an investigator's report before trial and admitted he had discussed the matter with his lawyer, he testified at the first dismissal hearing that, "to the best of my knowledge in terms of the way [successor counsel] put it to me," he had not consented to the continuance.

The aggregate of easily identifiable days of continuance which McCants' lawyers asked for or agreed to were ninety-eight. It will be recalled that the Commonwealth had to find only forty-seven excludable days. McCants insists, of course, that continuances acceded to by counsel are not excludable unless the defendant specifically and explicitly consented to the delay or instructed the attorney to obtain it.

We think such a requirement would place impractical and unreasonable burdens on the trial court and on the lawyer-client relationship. In the urban trial sessions, it is not unusual for more than 100 matters to come on daily, including assignments, reports of pretrial conferences, bail reviews, trial calls, changes of plea, motions to dismiss, and motions to suppress.[6] If counsel could not agree to scheduling arrangements without prior consultation with their clients, the results would be more occasions of delay and occasional paralysis. The defendant spent more than a year in jail without trial. None of the players in a system of criminal justice which allowed this to happen are entitled to be pleased with themselves. Their responsibility to the defendant, the victim, and the public generally has not been met. Yet that system must proceed on the working assumption that counsel are acting in the best interests of their clients and mindful of their ethical obligations to pursue their clients' objectives promptly and diligently. See SJC Rule 3:07, DR 6-101(A)(3), DR 7-101, as appearing in 382 Mass. 783-784 (1980); ABA Model Code of Professional Responsibility, EC 7-7 through 7-10 (1980). Compare ABA Model Rules of Professional Conduct 1.3, 1.4 (1983). Counsel have conflicting

---

[6] See amicus curiae brief filed on behalf of the Superior Court by its then Administrative Justice, in *Barry* v. *Commonwealth,* 390 Mass. 285 (1983). See *Barry* at 290 n.8.

engagements; evidence and witnesses are not available in orderly sequence. The task of the trial judge is to manage the case with understanding of reality and yet without excessive tolerance. In performing that task the judge is entitled to accept the representations of counsel on behalf of a client.[7]

Obviously, it is desirable for counsel to keep a defendant informed about continuances and the reasons for them. In the instant case the defendant does not complain that he was left in the dark. Cf. *Commonwealth* v. *Jones,* 385 Mass. 12, 14-15 & n.2 (1982). Compare *Commonwealth* v. *Campbell,* 5 Mass. App. Ct. 571, 577-578 (1977), and cases cited. He simply disclaims that what was done was authorized by him.

Dismissing counsel, as McCants did, is one way for a defendant to indicate to the court that the attorney does not speak for him. Before taking such action, however, an informed defendant cannot expect to accept the lawyer's services, refrain from signaling dissatisfaction, and be able to contend later that he

---

[7] Compare *State* v. *Zuck,* 134 Ariz. 509, 515 (1982), *People* v. *Rankins,* 18 Ill. 2d 260, 263-265, cert. denied, 363 U.S. 822 (1960), *State* v. *LeFlore,* 308 N.W.2d 39, 41 (Iowa 1981), *Farinholt* v. *State,* 299 Md. 32, 39-40 (1984) (supporting the position taken in this opinion), with *People* v. *Johnson,* 26 Cal. 3d 557, 563-564 (1980) (no exclusion under State statute where public defender sought continuances to conduct unrelated trials and the incarcerated defendant, who was then in court, expressly objected), *People* v. *Sevigny,* 679 P.2d 1070, 1075 (Colo. 1984) (no exclusion where counsel stated he was not waiving any of defendant's rights). It is noteworthy that the speedy trial rule at the Federal level and in some other States provides explicitly that continuances are excludable if granted at the request or upon the agreement of the defendant or the defendant's attorney. See 18 U.S.C. § 3161(h)(8) (1982); *People* v. *Blue,* 114 Misc. 2d 383, 386 (N.Y. Sup. Ct. 1982) (quoting CPL 30.30 subdivision 4[b]); *Commonwealth* v. *Brant,* 272 Pa. Super. 135, 139 (1979) (quoting Pa.R.Crim.P. 1100[d][2]). See also Standard 12-2.3(c), ABA Standards for Criminal Justice (2d ed. 1978 with 1982 Supp.) (standard provides for consent by counsel, for supplement takes note of *People* v. *Johnson, supra*). The absence of such language in Mass.R.Crim.P. 36 may signify a willingness by its drafters to let courts look behind the docket where, as in the present case, it shows a series of continuances granted when the defendant was not in court. The omission does not, we think, suggest an intent to enable defendants easily to disavow particular representations of counsel made at a time when they were benefiting from other actions of counsel and were not taking steps to inform the court of their dissatisfaction.

should not be bound by selected representations that the lawyer has made. Cf. *Commonwealth* v. *Loftis,* 361 Mass. 545, 549-550 (1972), quoted in *Commonwealth* v. *Farris,* 390 Mass. at 306 n.7. (Compare, e.g., *State* v. *Killian,* 118 Ariz. 408, 411 [Ct. App. 1978]; *People* v. *Rankins,* 18 Ill. 2d 260, 263-265 (1960); *Dean* v. *State,* 433 N.E.2d 1172, 1177 [Ind. 1982].)[8]

It goes almost without saying that, given the time elapsed since arraignment, the Commonwealth must now press diligently to bring the defendant to trial. He has made known his desire to be tried and, were there a continuing failure to bring him to trial, in addition to rule 36, factors of constitutional significance discussed in *Barker* v. *Wingo,* 407 U.S. 514, 530 (1972) (length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant) would begin to operate. See *Commonwealth* v. *Horne,* 362 Mass. 738, 741-746 (1973). Cf. *Commonwealth* v. *Dabrieo,* 370 Mass. 728, 737-740 (1976).

The order dismissing the indictments is vacated, and the case is remanded to the Superior Court.

*So ordered.*

---

[8] Defendants, as here, who are in custody because they cannot make bail stand at greater risk of not knowing how their cases are proceeding. As we observed in *Commonwealth* v. *Moore, supra* at 6 n.8, the mechanism of rule 36 bears reexamination. Such reexamination might consider means of informing incarcerated defendants of calendar delays. Trial judges will wish to be comparatively grudging with continuances in cases where the defendant is incarcerated. If the defendant is in court when a continuance is requested, it is good practice for the judge to inform the defendant that the period of continuance will not be counted in calculating the time limit for bringing the defendant to trial. Smith, Criminal Practice and Procedure § 2291 (2d ed. 1983).