COMMONWEALTH *vs*. RALPH STEVENSON. July 7, 1986. *Constitutional Law*, Speedy trial. *Practice, Criminal*, Speedy trial.

The principal question argued on this appeal by Stevenson from his conviction of murder in the second degree is whether in violation of Mass.R.Crim.P. 36, 378 Mass. 909 (1979), Stevenson was denied a speedy trial. Stevenson was arraigned on an indictment for murder on December 11, 1981. He was placed on trial on March 27, 1984. The period (arraignment to trial) was 837 days. The prosecutor and the attorney then appearing for Stevenson, in response to a request by the panel hearing the arguments, have submitted a written statement of their respective positions on each allegedly "excluded period" of days under rule 36. Certain details of the procedure in this case are stated in the appendix to this rescript.

1. The parties agree (a) that the days needed for a mental examination of Stevenson (January 26 - March 15, 1982, forty-nine days, erroneously computed by the parties as forty-two days) are to be excluded; (b) that ten days (October 25 - November 3, 1982) are to be excluded for a continuance at Stevenson's request; (c) that four days (January 27-30, 1984) are to be excluded because of the appointment of new defense counsel; and (d) that eight days for a further mental examination of Stevenson (March 15-22, 1984) are excluded. The aggregate of these exclusions is seventy-one days.

2. A Superior Court judge on December 16, 1982, (a) granted Stevenson's motion (dated November 3, and amended on December 6, 1982) to suppress certain statements by Stevenson and (b) "continued [the case] in order for [the] Commonwealth to proceed with [an] interlocutory appeal." The appeal was not decided by the Supreme Judicial Court until December 23, 1983. See Appendix. Stevenson's counsel thus knew on December 16, 1982, that the Commonwealth claimed an interlocutory appeal. The record shows no basis for assuming that the Commonwealth consumed any unnecessary time in obtaining the transcripts necessary to prepare and present that appeal. Accordingly, we treat as a period not to be counted under rule 36(b)(2), excluding "(iv) delay resulting from interlocutory appeals" the whole time, December 16, 1982, to December 23, 1983, a period of 373 days. See Reporters' Notes to Mass.R.Crim.P. 36(b)(2)(A)(iv), Mass. Ann. Laws, Rules of Criminal Procedure at 529 (1979). See also *United States* v. *Loud Hawk*, 474 U.S. 302, 315-317 (1986), where the majority opinion, applying Federal "speedy trial" principles somewhat different from rule 36 provisions (see *Barry* v. *Commonwealth*, 390 Mass. 285, 290 n.9 [1983]), held that, on balance, the delay incident to that interlocutory appeal should be treated as excluded from consideration. See as to government interlocutory appeals with respect to serious crimes, Wisdom, J., in *United States* v. *Herman*, 576 F.2d 1139, 1146-1147 (5th Cir. 1978, where the crime, as here, was murder).

3. The time consumed by several continuances, not objected to in behalf of Stevenson, is excluded from the computation under rule 36. In *Commonwealth* v. *McCants*, 20 Mass. App. Ct. 294, 297-301 (1985), it was said (at 299) essentially that continuances "acceded to by [defense] counsel" may reasonably be treated as excluded from the rule 36 computation even if the defendant has not "explicitly consented to the delay or instructed [his] attorney to obtain it." See the *Barry* case, 390 Mass. at 298. We rely on the docket entries to show the circumstances (see the *Barry* case at 289-290), and treat continuances, not shown by the docket entries (or later corrections of them) to have been objected to by Stevenson, as properly excluded from the rule 36 computation. See *Commonwealth* v. *Farris*, 390 Mass. 300, 305-306 (1983); *Commonwealth* v. *Domingue*, 18 Mass. App. Ct. 987, 988-989 (1984), which held that there was no necessity for the trial judge to make the statement of reasons called for by rule 36(b)(2)(f) where there was no defense objection to a continuance.

We hold that (1) the period January 30, 1984, to March 15, 1984 (46 days); and (2) the period April 13, 1982, to June 16, 1982 (65 days), are to be excluded. These two continuances, each allowed by a Superior Court judge then presiding, amount to 111 days. As new counsel was appointed for Stevenson on January 30, 1984, the former excluded period, not objected to, may be viewed in some degree as probably accruing to his benefit to permit new counsel to prepare his defense.

4. The aggregate excluded periods are: part 1 above, 71 days; part 2 above, 373 days; and part 3 above, 111 days, or a total exclusion of 555 days. Deducting this total from the 837 days (arraignment to trial) leaves 282 days, which is less than the 365 days allowed by rule 36. We need not consider any other periods which the Commonwealth argues also should be excluded.

5. Nothing in the decisions already cited or in the following cases requires holding that periods correctly excluded under rule 36 must be taken into account, nevertheless, in determining whether there has been a violation of either the Federal or State constitutional provisions concerning a speedy trial. See *Barker* v. *Wingo*, 407 U.S. 514, 521, 534 (1972); *Commonwealth* v. *McDonald*, 21 Mass. App. Ct. 368, 374 (1986). There (as here) there was "no showing that the government had contrived or contributed to the delay." Compare *Commonwealth* v. *Lutoff*, 14 Mass. App. Ct. 434-446 (1982, where actual prejudice from delay was held to justify dismissal). It does not appear, nor is it argued in Stevenson's brief, that his ability to defend against the murder charge was prejudiced by delay.

Stevenson was never able to obtain release on bail during his pretrial confinement, although the docket shows he made two motions (May 9, 1983, and December 15, 1983) for release on his personal recognizance. The record contains no statement of the reasons for the denial of each of these motions. The docket does not show that either of his counsel ever pressed to a hearing a motion filed (June 8, 1983, while the interlocutory appeal was still under consideration by a single justice of the Supreme Judicial Court) "to dismiss for lack of [a] speedy trial." Balancing all the considerations (including, e.g., the seriousness of the alleged offense and the absence of a showing of any loss of evidence by delay), we conclude that dismissal of the indictment was not required. See and compare *Commonwealth* v. *Beckett*, 373 Mass. 329, 334-335 (1977, where, however, there was no pretrial confinement). Compare *Moore* v. *Arizona*, 414 U.S. 25, 26-28 (1973).

*Judgment affirmed.*

APPENDIX CONCERNING DETAILS OF PROCEDURE.

(1) The parties agree that dates when Stevenson was in custody prior to arraignment, including December 11, 1981, are to be excluded under rule 36. They are not included in the 837 days (arraignment to trial) computed above. It should be noted that, under rule 36 (entitled "Case Management"), par. (b)(3), " [c]omputation of an excluded period shall include both the first and the last day of the excludable act or event."

(2) The record in the office of the clerk of the Supreme Judicial Court for Suffolk County shows that a typewritten statement of the motion judge's decision in the Superior Court on December 16, 1982 (not included in the present record), was not filed with the Superior Court clerk until January 4, 1983. A notation appears on the Superior Court docket (of an order,

dated January 10, 1983, continuing the case for trial to February 24, 1983) that "S.J.C. needs transcript of [m]otion testimony before hearing interlocutory appeal." The formal interlocutory appeal was received in the clerk's office of the Supreme Judicial Court for Suffolk County on March 28, 1983. The Commonwealth filed an eleven page memorandum of law received by the clerk on April 22. In behalf of Stevenson, a forty-three page memorandum of law was filed on June 13, 1983. That memorandum refers to four separate volumes of testimony before the Superior Court motion judge which obviously had to be transcribed before the interlocutory appeal could be heard. The matter was argued before the Supreme Judicial Court single justice on May 19. Then leave to appeal was granted and the case was retained in that court for decision. The single justice's decision sustained the motion judge's suppression of Stevenson's statements and referred (among other matters) to evidence that Stevenson "was mentally retarded and had an I.Q. of 66."

*Beth S. Herr* for the defendant.

*Elizabeth R. Dunphy*, Assistant District Attorney, for the Commonwealth.