## COMMONWEALTH vs. OWEN McCANTS.

No. 87-543.

Suffolk.   November 6, 1987. — May 3, 1988.

Present: GRANT, DREBEN, & SMITH, JJ.

*Practice, Criminal,* Speedy trial, Dismissal, Continuance, Conduct of pros-
ecutor, Severance, Instructions to jury, Reasonable doubt, Sentence.
*Kidnapping.*

Although a criminal defendant had not been brought to trial within twelve
months as required by Mass.R.Crim.P. 36, he was not entitled to have
the indictments against him dismissed, where the defendant was bound
by his attorney's action in agreeing to one particular continuance, even
though the continuance was not agreed to by the defendant personally;
where another continuance, alleged to have been improperly counted as
part of the excludable period under the rule, was clearly not excluded;
where the total of all the excludable days was sufficient to extend the
one-year limit to a period beyond the date on which the defendant filed
his most recent motion to dismiss; and where the record, including all
docket entries back to the date of the defendant's arraignment, failed to
indicate that the prosecution was unreasonably lacking in diligence in
bringing the defendant to trial. [740-742]

At a criminal trial, the judge did not err in denying the defendant's motion in
limine asking him to order the Commonwealth not to refer to the com-
plainants as "victims," where the issue before the jury was whether it
was the defendant who had committed the crimes, not the status of the
complainants. [742-743]

The judge in a criminal case did not abuse his discretion in denying the de-
fendant's motion that indictments charging him with assault with intent
to rape, assault and battery by means of a dangerous weapon, kidnapping,
and indecent assault and battery on a person who had attained the age
of fourteen be tried separately from indictments charging assault and
battery, assault by means of a dangerous weapon, attempted kidnapping,
and possession of a dangerous weapon while committing a breach of
the peace, where the time within which the offenses in the two sets of
indictments occurred was less than two hours, and the two attacks out
of which all the indictments arose were in close proximity to one another;
where both sets of indictments concerned assaults on young women by
an assailant with facial hair, wearing a green fatigue jacket, and carrying

a sharp object; and where the two attacks were carried out in a similar manner. [743]

At a criminal trial, the judge properly instructed the jury with regard to both the definition of "reasonable doubt" and the specific intent required for kidnapping. [743-744]

The evidence at the trial of indictments for assault and battery, assault by means of a dangerous weapon, and attempted kidnapping was such that the defendant's attempted kidnapping conviction was not necessarily based on the same act that constituted either of the other crimes and therefore consecutive sentences for the three offenses were appropriate. [744]

INDICTMENTS found and returned in the Superior Court Department, seven on December 14, 1982, and one on June 5, 1984.

A motion to dismiss was heard by *James P. McGuire, J.*, and the cases were tried before *Harry J. Elam, J.*

*John E. Conwell* for the defendant.

*Daniel P. Napolitano*, Assistant District Attorney, for the Commonwealth.

SMITH, J. As a result of two separate but closely related incidents that occurred on October 18 and 19, 1982, the defendant was charged with various crimes. In regard to the events that occurred on October 18, the defendant was charged with assault with intent to rape, assault and battery by means of a dangerous weapon, kidnapping, and indecent assault and battery on a person who had attained the age of fourteen. For the October 19 incident, he was charged with assault and battery, assault by means of a dangerous weapon, attempted kidnapping, and possession of a dangerous weapon while committing a breach of the peace. After a jury trial, he was convicted on the indictments based on the October 19 events and acquitted on the other indictments.

The defendant raises several issues on appeal. They include (1) denial of his motion to dismiss based on lack of speedy trial, (2) denial of a motion in limine, (3) denial of a motion to sever the trial of the October 18 indictments from the trial of the October 19 indictments, (4) alleged erroneous jury instructions, and (5) alleged errors in sentencing.

1. *Denial of motion to dismiss the indictments.* The defendant filed a motion to dismiss all the indictments because of an alleged violation of Mass.R.Crim.P. 36, 378 Mass. 909 (1979). After a hearing, a Superior Court judge denied the motion, and the defendant claims error.

"Rule 36 (b) provides that, after a transitional period not applicable to this case, a defendant 'shall be tried within twelve months after the return day,' and if the defendant is not brought to trial within that period, as extended by subdivision (b) (2) of the rule, the defendant 'shall be entitled upon motion to a dismissal of the charges.' . . . [T]he twelve-month period provided by rule 36 (b) is extended not only by subsection (b) (2) providing for 'excluded periods,' but also by periods of delay in which a defendant acquiesces, for which he is responsible, or from which he benefits." *Commonwealth* v. *Campbell*, 401 Mass. 698, 702 (1988).

The return day in this case was December 23, 1982, the day that the defendant was arraigned. See Mass.R.Crim.P. 2(b)(15), 378 Mass. 844 (1979). The defendant was not brought to trial until February 24, 1986. He obviously made out a prima facie case of a violation of rule 36(b), and dismissal was mandatory unless the Commonwealth could sufficiently justify the delay. *Barry* v. *Commonwealth*, 390 Mass. 285, 291 (1983). See also *Commonwealth* v. *Look*, 379 Mass. 893, 898-899 n.2, cert. denied, 449 U.S. 827 (1980). The judge found that the Commonwealth had sustained its burden. The defendant argues that the Commonwealth failed to justify a sufficient number of days to avoid a violation of rule 36(b).

We summarize the lengthy and complicated procedural history as it relates to the defendant's motion. That history includes two earlier motions to dismiss the indictments based on alleged violations of rule 36 and an appeal to this court by the Commonwealth from an adverse decision on the defendant's second motion.

On February 24, 1984, some fourteen months after the return day, the defendant filed his first motion to dismiss the indictments, alleging a violation of rule 36(b). On April 13, 1984, a Superior Court judge (first motion judge) denied the motion,

ruling that the Commonwealth had justified a sufficient number of excludable days to extend the twelve-month time limit.

On June 1, 1984, the defendant filed his second motion to dismiss the indictments, claiming once again a violation of rule 36. The matter was heard by a different Superior Court judge (second motion judge). He ruled, over the prosecutor's objections, that the first motion judge had intended to *total* all of the excludable days up to February 24, 1984 (the date that the first motion to dismiss had been filed). The second motion judge, therefore, started his count from February 24, 1984. He determined that ninety-nine days had expired from that date to June 1, 1984, the date on which the second motion to dismiss had been filed. He ruled that the Commonwealth had failed to justify a sufficient number of excludable days to extend the one-year limit set out in rule 36(b) and allowed the defendant's motion to dismiss the indictments.

The Commonwealth appealed that decision to this court, pursuant to Mass.R.Crim.P. 15(b), 378 Mass. 883 (1979). On June 28, 1985, we reversed the second motion judge's decision, vacated his order dismissing the indictments, and remanded the case to the Superior Court. See *Commonwealth* v. *McCants*, 20 Mass. App. Ct. 294 (1985).

In our decision we disagreed with the second motion judge's determination that the first motion judge had considered and calculated the entire number of excludable days prior to February 24, 1984. The court said, "Examination of the first motion judge's memorandum of decision and order discloses . . . that [he] did not consider the more debatable exclusion periods and, understandably, calculated those exclusions which, under the text of the rule, qualified readily . . . ." *Id.* at 296. The court, therefore, determined that the entire period from the return date (December 23, 1982) was open for its examination to determine if there were any excludable days not used in the calculations made by the first motion judge.

From that examination we observed that the first motion judge had not considered those periods of delay represented by continuances requested, agreed to, or acquiesced in by defense counsel, but not shown on the record to have been

authorized or agreed to by the defendant. We held that continuances "acceded to by [defense] counsel" should reasonably be treated as excluded from the one-year limit even if the defendant had not "explicitly consented to the delay or instructed [his] attorney to obtain it." *Id.* at 299. In our examination of the dockets and transcripts we identified at least five such continuances, none of which had been considered by either motion judge. We ruled that "[t]he aggregate of easily identifiable days of continuance which [the defendant's] lawyers asked for or agreed to were ninety-eight." *Id.* at 299. That number of excludable days, we concluded, coupled with other excludable periods, was sufficient to extend the one-year limit. Therefore, we reversed the second motion judge's decision allowing the defendant's motion.

Subsequently, the defendant filed an application for leave to obtain further appellate review by the Supreme Judicial Court. Mass.R.A.P. 27.1, as amended through 367 Mass. 922 (1975). That application for review was denied, 396 Mass. 1102 (1985), and on October 7, 1985, our rescript was filed in the Superior Court.

On December 6, 1985, the defendant filed his third motion to dismiss the indictments based on alleged violations of rule 36(b) and (c). The matter came before the same Superior Court judge who had previously denied the defendant's first motion to dismiss the indictments. Hereafter he will be designated as the third motion judge. Starting on December 9, 1985, that judge held an evidentiary hearing on the motion, concluding the hearings on January 8, 1986. On January 27, 1986, he denied the motion.

In a memorandum that accompanied his decision, the third motion judge observed that the court in *McCants* had not attempted to determine *all* the excludable periods that may have occurred prior to the filing of the second motion to dismiss the indictments. His examination of the record, which included docket entries and a partial transcript, showed that defense counsel had agreed to a continuance of the defendant's trial from January 27, 1983, to March 21, 1983, and that that period had not been excluded by either this court or any motion judge, including himself. He ruled that the period was excludable. He

concluded that a calculation of all the excludable periods showed that the Commonwealth had justified a sufficient number of days to extend the twelve-month period set out in rule 36(b) past December 6, 1985, the date that the third motion to dismiss the indictments was filed.

(a) The defendant argues, on appeal, that the judge should not have excluded the January to March continuance because the defendant himself had not agreed to it. The argument that continuances agreed to by counsel are not excludable unless the defendant specifically and explicitly consented to the delay or instructed the attorney to obtain it was emphatically rejected in *Commonwealth* v. *McCants, supra* at 299-300.

The defendant also claims that we in our *McCants* decision counted the continuance of January 27 as an excludable period. However, an examination of that decision shows that we identified by specific dates each period of continuance that we excluded. The period represented by the January 27 continuance was clearly not excluded in our decision.

The defendant also challenges the third motion judge's determination that the total of all the excludable days was sufficient to extend the one-year limit to a period beyond the December 6, 1985, date.

At the hearing before the third motion judge, the parties stipulated that 1,080 days had passed from the return day to December 6, 1985, the date that the instant motion was filed. As a result of an examination of the materials before us and the *McCants* decision itself, we conclude that the total number of excludable days is 795 days.[1] When that figure is subtracted from 1,080 days, the difference is 285 days. Therefore, the Commonwealth, at the time that the defendant filed his third motion to dismiss the indictment, had eighty days within which to try the defendant. The trial of the defendant was within that time period.

---

[1] That number includes 425 days as a result of the Commonwealth's interlocutory appeal to this court following the second motion judge's decision. See rule 36(b)(2)(A)(iv). *Commonwealth* v. *Stevenson*, 22 Mass. App. Ct. 963, 964 (1986).

(b) The defendant also claimed that there was a violation of rule 36(c), 378 Mass. 912 (1979).[2] That portion of the rule requires dismissal upon a determination by the judge that: "(1) the conduct of the prosecuting attorney in bringing the defendant to trial has been unreasonably lacking in diligence and (2) this conduct on the part of the prosecuting attorney has resulted in prejudice to the defendant." *Commonwealth* v. *McDonald*, 21 Mass. App. Ct. 368, 374 n.8 (1986), quoting from the rule. See also *Commonwealth* v. *Bodden*, 391 Mass. 356, 359 (1984).

The third motion judge, in ruling on this phase of the defendant's motion, focused on the events that occurred after October 7, 1985, the date that the *McCants* rescript was received in the Superior Court. The judge found that the prosecutor assigned to the case proceeded with two other trials and a hearing on a suppression motion, that were scheduled prior to October 7. An additional period of delay was caused by the prosecutor taking time off for his previously scheduled honeymoon.

The judge concluded that the period of delay should be attributed to the Commonwealth. He concluded, however, that the delays were neither intentional nor designed to frustrate the defendant's rights and that the defendant had failed to establish that the prosecution had been unreasonably lacking in diligence in bringing him to trial.[3]

We have examined the record and agree with the conclusions of the third motion judge. We also note that the Commonwealth in this case faced some rather unusual obstacles in bringing

---

[2] The defendant relies entirely on rule 36(c) and does not make any argument that he has been denied a speedy trial in violation of Federal and State constitutional guarantees.

[3] The defendant does not claim that as a result of the delay he was prejudiced in any respect in the presentation of his defense. He was incarcerated prior to trial. He was in jail awaiting trial until August 9, 1984. After that date, he was incarcerated because he had violated his parole on another offense. He claims that he lost some "Department of Correction" privileges because of the delay. In light of our conclusion that the prosecution was not unreasonably lacking in diligence in bringing the defendant to trial, any prejudice resulting from loss of unnamed "privileges" does not warrant dismissal of the indictments.

the defendant to trial. One such obstacle was the fact that the complainant in the first set of indictments lived in Sweden and, as a result, serious scheduling difficulties occurred.

The third motion judge limited his review to the period after October 7, 1985, because he believed that language in *McCants* set out in the margin[4] implied that no rule 36(c) issue had developed prior to June 28, 1985, the date of the decision. The defendant argues that the judge should have examined the entire record from the date that he was arraigned to ascertain if the prosecution was unreasonably lacking in diligence in bringing him to trial.

We have examined the record that has been submitted to us. From that record, which includes all the docket entries back to the date that the defendant was arraigned, we conclude that the defendant has failed to establish that the prosecution was unreasonably lacking in diligence in bringing him to trial. The delay for a considerable period after the arraignment was caused to a great extent by the defendant. See the discussion (at part 1(a), *supra*) in regard to the rule 36(b) phase of the motion.

2. *Denial of defendant's motion in limine.* The defendant filed a motion in limine asking the trial judge to order the Commonwealth not to refer to the complainants as "victims." He argued that their status was an ultimate issue to be determined by the jury, not the prosecutor. The judge denied the motion, and the defendant claims the denial was error.

The bare assertions in the defendant's brief do not rise to the level of appellate argument. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). In any event, there was no question that the complainants were, in fact, victims of criminal

---

[4] The language referred to by the judge is as follows:

"It goes almost without saying that, given the time elapsed since arraignment, the Commonwealth must now press diligently to bring the defendant to trial. He has made known his desire to be tried and, were there a continuing failure to bring him to trial, in addition to rule 36, factors of constitutional significance discussed in *Barker* v. *Wingo,* 407 U.S. 514, 530 (1972) (length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant) would begin to operate." *McCants, supra* at 301.

acts committed by someone. The issue before the jury was whether it was the defendant who had committed the crimes, not the status of the complainants.

3. *Denial of motion to sever for trial the two sets of indictments*. The defendant filed a motion for "relief from prejudicial joinder" pursuant to Mass.R.Crim.P. 9(d)(2), 378 Mass. 860 (1979). He sought separate trials on each set of indictments. His motion was denied, and he claims prejudicial error.

A motion for relief from prejudicial joinder is addressed to the sound discretion of the judge. *Commonwealth* v. *Gallison*, 383 Mass. 659, 671 (1981). *Commonwealth* v. *Todd*, 394 Mass. 791, 794 (1985). Joinder is proper under the rule if two or more offenses "arise out of a course of criminal conduct or series of criminal episodes connected together or constituting parts of a single scheme or plan." Mass.R.Crim.P. 9(a)(1), 378 Mass. 859 (1979). See also rule 9(a)(3).

The offenses in the two sets of indictments occurred on the night of October 18, 1982, and in the early morning hours of October 19, 1982. The time within which both attacks occurred was less than two hours, and the attacks were in close proximity to one another. Both sets of indictments concerned assaults on young women by an assailant with facial hair, wearing a green army fatigue jacket, and carrying a sharp object.[5] Both attacks were carried out with the same modus operandi, grabbing the victim around the throat from behind and dragging or attempting to drag her to a secluded place. In such circumstances, joinder has been upheld in many cases. *Commonwealth* v. *Mahar*, 21 Mass. App. Ct. 307, 317 (1985), and cases cited.

4. *The judge's instructions to the jury*. The defendant claims that the judge gave an erroneous definition of "reasonable doubt" in his jury instructions. The judge paraphrased the definition found in *Commonwealth* v. *Webster*, 5 Cush. 295,

---

[5] The defendant also argues that the evidence of kidnapping and sexual assault on the complainant alleged in the first set of indictments prejudiced the defendant's trial for attempted kidnapping set out in the second set of indictments. The defendant's argument is without merit. The jury acquitted the defendant on the first set of indictments. Clearly, the jury considered the evidence on both sets of indictments separately.

319-320 (1850). We have examined the instruction and find it to be adequate.[6]

The defendant also contends that the judge improperly instructed the jury on general and specific intent. We need not examine that claim because the bare statements in the defendant's brief do not rise to the level of appellate argument within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). *Commonwealth* v. *Shaheen*, 15 Mass. App. Ct. 302, 307-308 n.5 (1983). In any event, the judge correctly instructed the jury on the specific intent required for kidnapping.

5. *Alleged errors in sentencing*. The defendant contends that the judge erred in imposing consecutive sentences on the indictments that charged him with assault and battery, assault by means of a dangerous weapon, and attempted kidnapping. The defendant argues that the crimes of assault and battery and assault by means of a dangerous weapon were so closely related that they were "merged" into the crime of attempted kidnapping, and, therefore, he should not have received consecutive sentences. He cites *Morey* v. *Commonwealth*, 108 Mass. 433 (1871), and *Commonwealth* v. *Jones*, 382 Mass. 387, 395-397 (1981), as grounds for his argument.

"In this case, we do not reach the questions confronted in *Morey* and *Jones* unless we first determine that the conduct on which the [attempted] kidnapping conviction was based necessarily was the same conduct on which the [assault and battery and assault by means of a dangerous weapon] convictions were based." *Commonwealth* v. *Rivera*, 397 Mass. 244, 253 (1986). The evidence in this case demonstrates that the attempted kidnapping conviction was not necessarily based on the acts that constituted the other crimes, "and that therefore, separate convictions and punishments for [attempted kidnapping, assault and battery, and assault by means of a dangerous weapon] were appropriate." *Ibid.*

*Judgments affirmed.*

---

[6] The defendant also claims that the prosecutor in his closing argument misstated the definition of reasonable doubt. There was no error.