Commonwealth *v.* Lauria.

COMMONWEALTH *vs.* MICHAEL LAURIA
(and eleven companion cases[1]).

No. 90-P-247.

Middlesex. September 14, 1990. - November 28, 1990.

Present: PERRETTA, KASS, & GILLERMAN, JJ.

Further appellate review granted, 409 Mass. 1104 (1991).

*Practice, Criminal,* Speedy trial.

In a criminal case, defense counsel's unsolicited submission of a supple-
mentary memorandum of law to the judge who had the defendant's
pretrial motions under advisement did not entitle the prosecution to ex-
clude any time from the one-year period prescribed by Mass.R.Crim.P.
36 (b) (1) within which the defendant was to be brought to trial, where
defense counsel had not asked the judge to stay the process of decision
while the memorandum was being prepared. [547]

Criminal defendants who were not brought to trial within one year of their
arraignments were entitled to dismissal of the charges against them in
accordance with Mass.R.Crim.P. 36 (b) (1), where the loss of time was
due to administrative delay to which the defendants had made no con-
tribution; where the defendants were not chargeable with acquiescence
in the delay, which had been adequately called to the judge's attention;
and where any benefit to the defendants resulting from their having
additional time for trial preparation was not such as to entitle the pros-
ecution to exclude any portion of the delay in measuring the one-year
period mandated by the rule. [547-552]

INDICTMENTS found and returned in the Superior Court
Department on March 1, 1988.

A motion to dismiss was heard by *Paul A. Chernoff,* J.,
and a question of law was reported by him.

*Joseph James Balliro, Jr.,* for Michael Lauria.

*John R. Campbell* for Edward Long.

*Albert C. Bielitz, Jr.,* for Michael Joyce.

*William F. Bloomer,* Assistant District Attorney, for the
Commonwealth.

---

[1]Three of the companion cases are against Lauria, four are against
Edward Long, and four are against Michael Joyce.

KASS, J. Lauria, Long and Joyce, charged with aggravated rape,[2] were not brought to trial within a year of their arraignments and, therefore, are presumptively entitled to dismissal of those charges in accordance with Mass.R.Crim.P. 36(b)(1), 378 Mass. 909 (1979), unless the Commonwealth justifies the delay. See *Barry* v. *Commonwealth*, 390 Mass. 285, 291-294 (1983); *Commonwealth* v. *Campbell*, 401 Mass. 698, 702 (1988). By agreement, the government and the defendants stopped the running of time under rule 36 as of September 28, 1989, thus, setting the stage for motions to dismiss under the rule by the defendants. Those motions were denied.

Upon the motion of the defendants and because a trial might be obviated, the Superior Court judge who acted on the motions to dismiss reported the case to us under Mass.R.Crim.P. 34, 378 Mass. 905 (1979),[3] for determination of the following question: Were there sufficient "excludable" days among the 554 which had elapsed between the defendants' arraignment and September 28, 1989, so that the intervening period, for purposes of rule 36, was one year or less?

Certain critical dates govern the counting exercise in which we are obliged to engage. Lauria was arraigned on March 8, 1988; Long and Joyce were arraigned on March 22, 1988. As subparagraph (b)(2)(E) of rule 36 allows "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run," we start counting from March 22, 1988; i.e., without exclusions, the trial of the defendants should have begun March 22, 1989.[4] By September 28, 1989, the

---

[2] They are also indicted on charges of kidnapping, assault by means of a dangerous weapon, and indecent assault.

[3] The motion to report the case was made by the defendant Lauria, but the judge received it as having been made on behalf of all the defendants.

[4] Rule 36 (b)(1)(C) requires trial within one year of the "return day." The day of arraignment is the return day for purposes of applying the rule. Mass.R.Crim.P. 2(b)(15), 378 Mass. 846 (1979). *Barry* v. *Commonwealth*, 390 Mass. at 290-291.

Commonwealth *v.* Lauria.

Commonwealth was 189 days over the due date and needed to identify that number of "excludable" days.

For the first several months after the return day, the case took a relatively normal course. We set out important actions and events in tabular form:

| Date of Action | Nature of action or event | Number of days excluded by reason of action |
|---|---|---|
| March 22, 1988 | Trial judge establishes 4/12/88 as date for pre-trial conference report | None |
| April 12, 1988 | Trial judge establishes 5/6/88 as date for filing pretrial motions, 5/18/88 as date for hearing pretrial motions, and 6/7/88 as trial date | None |
| May 6, 1988 | Lauria's pretrial motions filed | |
| May 18, 1988 | Hearing and action on various defense motions[5] | 116 days |
| Aug. 26, 1988 to Aug. 29, 1988 | Hearings on motions to suppress and to dismiss | |

[5]Long's pretrial motions were filed May 12, 1988; Joyce's on April 19 and May 11. Consistent with the spirit of subparagraph (b)(2)(E) of rule 36, we use the earliest date when pretrial motions were filed: May 6, 1988.

| | | |
|---|---|---|
| Sept. 28, 1988 | The conclusion of the 30-day period allowed to a judge by Mass.R.Crim.P. 36(b)(2)(A)(vii) to hold a motion under advisement. | 30 days |

At the conclusion of the thirty-day period for holding motions under advisement, the Commonwealth had 146 excludable days[6] to its credit, forty-three days shy of the needed 189 days.

Relatively soon after the conclusion of hearings on the suppression and dismissal motions, the Superior Court judge who had them under advisement (the "trial session judge") was transferred to another county and the papers in the case vanished. Three times in 1989, on January 24, May 10, and July 7, the assistant district attorney wrote to the trial session judge to remind him of the pending motions. On each occasion, the prosecutor sent a copy of the reminder notice to counsel for the defendants. Previously, on December 16, 1988, the assistant district attorney on the case had reminded the trial session judge of the pending severance and suppression motions during a lobby conference attended by all counsel.[7]

Following the third written reminder notice to the trial session judge from the prosecutor, there ensued an intense and unsuccessful hunt for the missing court papers relating to the undecided motions. At the judge's request (presumably communicated to all parties), the Commonwealth on July 19, 1989, provided copies of the motions, accompanying memoranda of the parties, and a transcript of the motion hearing. So equipped, the trial session judge disposed of the pending pretrial motions within thirty days. Specifically, disposition

---

[6]See note 9, *infra.*

[7]In their brief, defense counsel claim to have discussed the pendency of the severance and suppression motions with the trial session judge "on more than one occasion," but the only record support for that contention is the lobby conference of December 16, 1988.

of the last of the pretrial motions was entered on the docket on August 17, 1989.

The next event which occurred was a conference about the status of the case on September 28, 1989, among counsel and a second Superior Court judge (the "second judge").[8] At that conference, defense counsel made known their intention to move for dismissal under rule 36 and the parties entered into their stipulation to toll the running of rule 36 time as of that date so that the motions might be filed, briefed, argued, and considered without charging the government with still more rule 36 time.

There is no dispute between the government and the defendants that the 146 days running from the first filing of pretrial motions (May 6, 1988) through thirty days after the conclusion of hearings (September 28, 1988) are deductible from the period following arraignment.[9] Excludability on those grounds is discussed in *Commonwealth* v. *McDonald*, 21 Mass. App. Ct. 368, 371-374 (1986). The second judge based his denial of the defendants' motions to dismiss fundamentally on the grounds that they had acquiesced in the delay which occurred after the trial session judge had taken the motions to sever and to suppress under advisement and, indeed, had benefited from that delay. Acquiescence in periods of delay by a defendant and benefit from periods of delay to the defendant are among the causes that extend the twelve-month period in which a defendant is to be brought to trial under rule 36. *Barry* v. *Commonwealth*, 390 Mass. at 295. *Commonwealth* v. *Farris*, 390 Mass. 300, 305 (1983). *Commonwealth* v. *Campbell*, 401 Mass. at 702. *Commonwealth* v. *Mattos*, 404 Mass. 672, 675 (1989). *Commonwealth* v. *McDonald*, 21 Mass. App. Ct. at 374. *Commonwealth* v. *Wysocki*, 28 Mass. App. Ct. 45, 48 (1989). Reporters' Notes to Mass.R.Crim.P. 36, Mass. Ann. Laws, Rules of Criminal

---

[8]The original trial session judge was in another county.

[9]The second judge and the parties calculated that period as 145 days. We think the Commonwealth is entitled to an additional day because Mass.R.Crim.P. 36(b)(3) provides that "[c]omputation of an excluded period shall include both the first and the last day of the excludable act or event." Nothing turns on that nuance.

Procedure at 527 (1979). The focus of inquiry in the case, therefore, is whether the defendants, within the meaning of the rule, acquiesced in the delay from September 28, 1988, to September 28, 1989, or benefited from it.

Before examining the dispositive questions of acquiescence or benefit, we take a brief detour to consider whether in respect to Lauria the government was entitled to twenty-one excludable days (the second judge so ruled) because counsel for Lauria submitted a supplementary memorandum of law in support of Lauria's motion to suppress twenty-one days after the end of the hearings on the pretrial motions. If such a memorandum had been required or asked for, or if counsel had asked for time to submit such a memorandum or had otherwise indicated to the judge that further material was coming and that the judge should stay the process of decision, then Lauria would be chargeable with the delay. See *Commonwealth v. McDonald*, 21 Mass. App. Ct. at 372-374. Here, unlike the incomplete status of the motion in the *McDonald* case, the judge was not given to understand that more information was to come; on August 29, 1988, the motions to sever and suppress were fully documented and ripe for decision. In such circumstances, we do not think the unsolicited filing, pending decision, of a supplementary memorandum of law (which might assist the judge) provides a basis for computing an excludable period under Mass.R.Crim.P. 36(b)(2)(A)(v). Particularly in this case, when the memorandum was submitted during the thirty days allowed a judge under Mass.R.Crim.P. 36(b)(2)(A)(vii) to consider a motion, additional excludable days attributable to submission of the memorandum of law would involve a degree of double counting of excludable days.

We return to the question of acquiescence. Although the rule and the cases impose on defense counsel a burden to object to delays and to press the case through the criminal justice system, the primary responsibility for keeping a criminal case on track and moving rests with the court and the prosecution, who control the trial calendar. See *Barry* v. *Commonwealth*, 390 Mass. at 296 & n.13; *Commonwealth*

v. *McCants*, 20 Mass. App. Ct. 294, 295-296 (1985); *Commonwealth* v. *McDonald*, 21 Mass. App. Ct. at 373. A cogent reason for substituting rule-made speedy trial criteria for constitutional criteria described, notably, in *Barker* v. *Wingo*, 407 U.S. 514, 530-533 (1972), is that the public, as well as the accused, has an interest in speedy trials. Swift and certain justice give muscle to the deterrent effect of criminal laws; the fresher the evidence, one supposes, the more potent and reliable it is; and the quicker an accused comes to trial, the less the opportunity to flee, commit other crimes, or intimidate witnesses. See ABA Standards Relating to Speedy Trial, Standard 12-1.1 commentary at  1 (Approved Draft 1968) (published in ABA Standards Relating to the Administration of Criminal Justice [1978]). Rule 36 is taken in part from the ABA standards. See *Barry* v. *Commonwealth*, 390 Mass. at 290; Reporters' Notes, *supra* at 524. In recognition of the institutional interest in speedy trial, rule 36 bears the title "Case Management" and is referred to by the Reporters' Notes (at 525) and by the *Barry* opinion (at 295-296) as primarily a management tool. Although, as we have observed, primary control of the calendar is in the hands of the court and the prosecutor, the cases illustrate that the defendant cannot passively consent to continuances or delays and then complain that the clock has ticked for purposes of counting the twelve months allowed to bring that defendant to trial. Defense counsel have an obligation to object to delay when the court or the prosecutor takes steps which produce delay, *Barry* v. *Commonwealth*, 390 Mass. at 296 n.13; *Commonwealth* v. *Dias*, 405 Mass. 131, 139 (1989), and the public has an interest in not having persons charged with serious crimes walk out the courthouse door without trial because of delays tacitly or tactically assented to by the defense. *Barry* v. *Commonwealth*, 390 Mass. at 297. The defense may not entrap the court and the prosecution into manipulating the case so that it is ripe for dismissal under the calendar.

In the matter before us, it will be recalled, the case moved with reasonable dispatch until it slipped into limbo, not

through the action or contrivance of counsel, but because the trial session judge lost track of the original motion papers when he travelled from Middlesex to an assignment in another county. One side or the other, the prosecution, primarily, and the defense, secondarily, had an obligation to move the case along. Had the prosecution done nothing, the defense would have had an obligation to inquire of the judge about the motions awaiting decision. In the event, it was the prosecution which displayed commendable alertness in reminding the trial session judge from time to time in writing that the motions were pending. We are also sure of one occasion on which all counsel made an oral reminder. In the circumstances, defense counsel had no obligation to add to the paper trail. The written reminders show that copies of the correspondence were sent to defense counsel. What defense counsel acquiesced in were the reminders that the motions were pending. It is hard to credit the notion that it would have made a difference in the progress of the case had the defendants expressly endorsed with missives of their own the government's written reminders that motions were still pending. The last paragraph of rule 36(b)(1) provides that "[i]f a defendant is not brought to trial within the time limits of this subdivision, as extended by subdivision (b)(2), he shall be entitled upon motion to a dismissal of the charges." We do not think that application of the rule is conditioned upon redundant requests for court action by defendants. It would have been no more than a gesture for the defense to move for speedy trial so long as action on the pretrial motions — which would greatly influence the agenda of trial — was still up in the air.

When the delay is that of the court system and the delay has been called to the court's attention, we do not think the rule requires — or that it is just — that the defense be charged with acquiescence in delay. Defense counsel are not required to file a notice of intent to dismiss should the one-year period, as extended, run out. The government is ultimately responsible for system failure and overcrowded courts. See *Commonwealth* v. *Burhoe*, 3 Mass. App. Ct. 590,

593-594 (1975); Misner, Speedy Trial — Federal and State Practice § 15, at 210, § 17, at 278 (1983) (discussing Federal Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174 [1988]). The situation is different from agreeing to continuances (see, e.g., *Commonwealth v. Farris*, 390 Mass. at 301-302; *Commonwealth v. Dias*, 405 Mass. at 138; *Commonwealth v. Domingue*, 18 Mass. App. Ct. 987, 988 [1984]; and *Commonwealth v. McCants*, 20 Mass. App. Ct. at 297-298) or standing by without objection while steps are taken to defer trial. In those instances, registering an objection to delay and pressing for trial may do some good, and silence is fairly taken as assent.

Under analogous State statutes or rules, defendants have seldom been charged with time lost through administrative delay to which they made no contribution. See, e.g., *People v. Kerwin*, 23 Cal.App.3d 466 (1972) (clerical error); *People v. Hamilton*, 46 N.Y.2d 932 (1979) (illness of judges); *Lyles v. State*, 653 S.W.2d 775, 776, 779 (Tex. Crim. App. 1983) (mistake in processing bail bond); Misner, Speedy Trial — Federal and State Practice § 19-5, at 375, § 19-6, at 386, § 19-10, at 419-420, § 19-12, at 430, and § 19-28, at 560. Compare decisions under the Federal Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (1988), which has much in common with our rule 36, e.g., *United States v. Carreon*, 626 F.2d 528, 533-534 (7th Cir. 1980) (dismissal of charges without prejudice, but neither defendant nor the government moved to correct administrative inaction); *United States v. Regilio*, 669 F.2d 1169, 1171-1173 (7th Cir. 1981), cert. denied, 457 U.S. 1133 (1982) (delay resulting from clerical mishap [failure to issue an order in accordance with judge's ruling] was "excludable" because the defense knew of the delay and never notified the trial court — the government ultimately did); and *United States v. Bufalino*, 683 F.2d 639, 645-646 (2d Cir. 1982) (defendant failed to respond to government's motion to sequester and is charged with the delay, but government rebuked for standing silent and reminded of its responsibility to pursue a prosecution); *United States v. Miranda*, 835 F.2d 830, 832-834 (11th Cir. 1988) (dismissal

without prejudice because of delay caused by administrative confusion). The Federal statute also varies significantly from our rule in that dismissal is without prejudice if, among other things, the crime is serious or the defendant suffered no prejudice from the delay. See 18 U.S.C. § 3162 (1988) and *United States* v. *Miranda, supra* at 834, and cases there cited.

The next question is whether the defendants benefited from the delay. It will always be possible to identify some benefit from delay — more trial preparation achieved, further evidence developed, a missing witness turned up — but we read the cases as identifying in a more tangible way the sort of benefit to a defendant which extends the period in which a defendant shall be brought to trial. So, for example, in *Commonwealth* v. *Boyd,* 367 Mass. 169, 178-179 (1975) (a pre-rule 36 case based on constitutional criteria), counsel indicated he wanted time for a psychiatric examination of his client and for evaluation of psychiatric records; *Commonwealth* v. *Alexander,* 371 Mass. 726, 729 (1977) (also a pre-rule 36 case), refers to a delay *ordered* to assist the defendant or which redounds to his benefit; and *Commonwealth* v. *Jones,* 6 Mass. App. Ct. 750, 752-753 (1978) (again, pre-rule 36),[10] speaks of delays *for* the benefit, i.e., arranged to accommodate the defendant. If we were to interpret benefit to the defendant as time running, not by reason of court orders but by reason of system failure which the defense may have put to advantage, we would have effectively nullified the time constraints which rule 36 imposes.

In his thoughtful and careful memorandum of decision, the second judge reflects that benefit may have accrued to the defendants because during the September 28, 1988, to September 28, 1989, period they located a helpful defense witness and because as late as December 16, 1988, one of the defendants filed a motion for additional investigator's

---

[10]These three pre-rule 36 cases, however, are those to which the Reporters' Notes on the rule cite in commenting that delays from which the defendant benefits are not to be included in the calculation of time limits under the rule. See Reporters' Notes, *supra* at 527.

fees. That motion, which was allowed, occasioned no delay, and does not, we think, establish that the defendants benefited tangibly from the delay which ran eight and a half more months. As for locating the helpful witness, the nature of trial preparation is cumulative, characterized by accelerated energy as D-Day approaches. As in Parkinson's Law, trial preparation fills the time available for its completion. See C.N. Parkinson, Parkinson's Law (1955). The point is that the defense never asked for time to find additional witnesses and it does not appear in the record that additional time was needed.

Unless we evade the strictures of rule 36 through rationalizations which we think unpersuasive, it is necessary to dismiss the indictments because the defendants were not timely brought to trial.[11]

We harbor no illusions that the defendants were prejudiced in their defenses by the delay in this case or, as

---

[11]Two wrinkles in the case warrant an aside. *First.* There appears in a supplemental record appendix filed by the Commonwealth an affidavit by an assistant district attorney which says that on August 29, 1988, at the conclusion of the hearings on the motions to sever and suppress, the trial session judge continued the case to November 7, 1988, for trial. If the defendants acquiesced in that continuance it would produce excludable days sufficient to rescue the case from dismissal. No docket entries, however, reflect this event, the second judge never mentioned it in his memorandum of decision, and the Commonwealth makes no mention of it in its brief. We, therefore, took no account of such a continuance in arriving at our decision. Contrast *Commonwealth* v. *Wysocki*, 28 Mass. App. Ct. at 48-51. *Second.* In the case of the defendant Joyce, the judge calculated the major excludable period between the filing of pretrial motions and hearings on them as beginning April 12, 1988. That date was the one at which all parties were present for a pretrial conference and May 6, 1988, was established as the date for filing motions. As the defendants, in the main, acted concurrently in the early stages of the case and filed a joint brief on appeal, we have applied the same sequences of dates and actions to all of them. At the pretrial hearings on August 26 through 29, 1988, counsel for Joyce made an oral motion to suppress evidence. It was denied. On October 4, 1988, Joyce's counsel filed a written motion to file late a motion to suppress. No hearing was held nor was one needed or asked for. The ground had been covered in August. The motion was ultimately denied. The second judge correctly observed that the motion to file late a motion to suppress produced thirty more days of excludable time as to Joyce under Mass.R.Crim.P. 36(b)(2)(A)(vii).

they were free on bail, that those defendants longed to confront what might be the evil day in court. Rule 36, however, represents the carefully considered and current policy in Massachusetts that speedy trials are desirable and what the means shall be to achieve them. The price of releasing without trial persons who may have committed a despicable crime is high. In any human institution, particularly one. so overloaded as the Superior Court in a populous county, system failure will occur notwithstanding the efforts of conscientious judges. Perhaps the rule should be amended so that the drastic consequence of dismissal does not occur without a showing of prejudice to a defendant or unless the defendants have, upon expiration of a year, moved for a speedy trial and not received a trial within sixty days thereafter. Obviously we do not purport to exhaust possible rule amendments. In the meantime, prosecutors would do well to establish for each case a "red alert" date beyond which a government case is in jeopardy if it does not come to trial. Such a device could assist the trial judge and would enable the trial judge to invoke the power conferred under Mass.R.Civ.P. 36(b)(2)(F) to grant a continuance based on a finding that the ends of justice outweigh the interests in a speedy trial.

To the report made under Mass.R.Crim.P. 34, we answer that the motions to dismiss the indictments should be allowed.