COMMONWEALTH *vs.* BARRY LEVIN
(and seven companion cases[1]).

Norfolk.   November 10, 1983. — January 23, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, & O'CONNOR, JJ.

*Practice, Criminal,* Report, New trial, Speedy trial.

A judge properly exercised his discretion to report a criminal case to the
   Appeals Court following his denial of motions to dismiss under Mass.
   R. Crim. P. 36 (b).   [859-860]
When an appellate court reverses a criminal conviction, the issuance of
   its rescript begins the running of the one-year period within which a
   retrial of the defendant must commence.   [860-861]
A prosecutor's statement, in appellate argument, of the opinion that the
   retrial of certain criminal defendants would be futile did not estop the
   Commonwealth from retrying them or induce such reliance on their
   part as would constitute prejudice entitling the defendants to dismissal
   under Mass. R. Crim. P. 36 (c).   [862-863]

INDICTMENTS found and returned in the Superior Court
Department on July 6, 1978.

Following review by the Appeals Court, reported at 11
Mass. App. Ct. 482 (1981), motions to dismiss were heard
by *Hurd,* J., and were reported by him to the Appeals
Court.   The Supreme Judicial Court ordered direct review
on its own initiative.

*Harvey A. Silverglate (Judith H. Mizner, Alan M. Der-
showitz & James L. Sultan* with him) for Barry Levin.

*James D. St. Clair (Robert D. Keefe* with him) for Earle
Groper.

*Judith A. Cowin,* Assistant District Attorney, for the
Commonwealth.

--------

[1] Three of the companion cases are against Levin and four are against
Earle Groper.

HENNESSEY, C.J.   The defendants challenge the denial of their motions to dismiss indictments against them because of the Commonwealth's failure to afford them a speedy retrial after reversal of their original convictions.   We affirm.

In July, 1978, the defendants were indicted for various offenses arising out of the alleged fraudulent procurement of an insurance policy on the life of one George S. Hamilton.   They were subsequently convicted of certain of the offenses charged.   The defendants appealed.

On February 27, 1981, the Appeals Court reversed the convictions, holding that evidence of Hamilton's death by homicide had been erroneously admitted.   11 Mass. App. Ct. 482 (1981).   The Appeals Court entered judgment for one of the defendants on one indictment and remanded the case to the Superior Court for retrial or other further proceedings.   Id. at 504.   The Commonwealth sought further appellate review.   On May 29, 1981, we denied the Commonwealth's application for further appellate review.   383 Mass. 893 (1981).   On March 22, 1982, the Commonwealth had the matter placed on the court calendar in the Superior Court.   At status conferences on March 29 and April 12, the Commonwealth indicated its intent to retry the defendants in late May and, at the latter conference, a trial date of May 27, 1982, was set.   The defendants objected to this date on speedy trial grounds and, on April 27, filed motions to dismiss the indictments.[2]

On May 24, 1982, the defendants' motions to dismiss under Mass. R. Crim. P. 36 (b) were denied and their motions for an evidentiary hearing on their motions to dismiss under rule 36 (c) were allowed.   Evidence was received in July and, on October 29, 1982, a judge of the Superior Court issued written findings and rulings, and denied the defendants' motions under rule 36 (c).

---

[2] The defendants' motions cite Mass. R. Crim. P. 36, 378 Mass. 909 (1979), art. 11 of the Declaration of Rights of the Constitution of the Commonwealth, and the Sixth and Fourteenth Amendments to the Constitution of the United States.   Because the parties agree that rule 36 provides protection at least as great as the constitutional rights to speedy trial, we do not address the constitutional requirements separately.

On January 31, 1983, at the request of the defendants, the judge reported his decision to the Appeals Court. Mass. R. Crim. P. 34, 378 Mass. 905 (1979). On September 12, 1983, the Commonwealth filed in the Appeals Court a motion to dismiss the report. We transferred the case here on our own motion. We deny the Commonwealth's motion to dismiss the report and we affirm the denial of the defendants' motions to dismiss.

*The Commonwealth's Motion to Dismiss the Report.*

The Commonwealth's motion to dismiss the report was made in the Appeals Court and transferred here with the report itself. Although it should be obvious that we did not transfer the report here in order to dismiss it, technically the motion is still pending. We therefore take this opportunity to comment briefly on the appropriateness of the report in the circumstances of this case.

The questions presented by this report are sufficiently doubtful to warrant, in the absence of countervailing considerations, the judge's exercise of his discretion to report the case before trial. The case requires a first impression construction of rule 36 (b) (1) (D), and a decision as to when "the action occasioning the retrial becomes final" for purposes of that rule. In addition, the case requires a decision whether the rather novel type of prejudice asserted by the defendants, that is, prejudice resulting from delayed announcement, rather than delayed commencement, of trial is within the scope of rule 36 (c). This type of prejudice is peculiar to retrial situations, and we have never construed rule 36 (c) in the retrial context.

The usual disadvantages of considering speedy trial claims on pretrial report, see *Commonwealth* v. *Horan*, 360 Mass. 739, 742-743 (1972), are not present here. The prejudice asserted here will not be exacerbated by additional pretrial delay. Furthermore, because the prejudice does not relate to ability to present a defense, we can resolve the claim as well before as after trial.

Finally, the delay resulting from this report cannot now be undone. The parties have briefed and argued the case.

To dismiss the report now and leave open the possibility that the identical issue will be raised on appeal would be inefficient. This consideration points up the necessity of trial judges' exercising their discretion to report wisely and with restraint. See *Commonwealth* v. *Benjamin*, 358 Mass. 672, 673 n.1 (1971). See also *Commonwealth* v. *Vaden*, 373 Mass. 397, 399 (1977). In these circumstances, we approve of the use of the report.

*Application of Rule 36 (b)*.

The defendants contend that the one-year period provided for retrial by Mass. R. Crim. P. 36 (b) (1) (D)[3] commenced running on February 27, 1981, when the Appeals Court reversed the defendants' convictions. We do not agree that the action occasioning retrial was "final" at this point. The Commonwealth was still at liberty to file a petition for rehearing or, as indeed it did, an application for further appellate review. Either this court or the Appeals Court could have negated the Appeals Court's decision.

We hold that, for purposes of rule 36 (b) (1) (D), a reversal requiring a new trial is not final before issuance of the rescript by the appellate court.[4] This interpretation is in harmony with Mass. R. A. P. 23, as amended, 367 Mass. 920 (1975), which provides for a stay of issuance of the rescript for twenty-eight days and for any further period in which a petition for rehearing or an application for further appellate review is pending. In its use of the word "final," rule 36 (b) (1) (D) is intended to provide for a reasonable ac-

---

[3] Rule 36 (b) (1) (D) of the Massachusetts Rules of Criminal Procedure provides: "If a retrial of the defendant is ordered, the trial shall commence within one year after the date the action occasioning the retrial becomes final, as extended by subdivision (b) (2) [providing for exclusion of certain periods] of this rule.

"If a defendant is not brought to trial within the time limits of this subdivision, as extended by subdivision (b) (2), he shall be entitled upon motion to a dismissal of the charges."

[4] We need not decide whether the one-year period begins to run on the date of issuance of the rescript or on the date on which the rescript is received and docketed in the lower court.

commodation of defendants' speedy trial rights and the need for an orderly appellate process.

The Reporters' Notes to rule 36 state: "As to retrials, the right [to a speedy trial] accrues when the certainty of that trial is established, e.g., by a judicial order for a new trial." Reporters' Notes to Mass. R. Crim. P. 36, Mass. Ann. Laws, Rules of Criminal Procedure at 527 (1979). An appellate court's order is its rescript. See Mass. R. A. P. 1 (c), 365 Mass. 844 (1974).[5] In the instant case, the certainty of a retrial was established when, upon our denial of the Commonwealth's application for further appellate review, the rescript of the Appeals Court issued "forthwith." Mass. R. A. P. 23.[6]

The one-year period did not begin to run until at least May 30, 1981, the day after the date on which we denied the Commonwealth's application for further appellate review. See Mass. R. Crim. P. 36 (b) (3). Thus the retrial should have commenced on or before June 1, 1982,[7] subject to extension by exclusion of time under rule 36 (b) (2). Any delay beyond June 1, 1982, has been occasioned by the defendants' motions to dismiss. The judge correctly ruled that this time is excludable under rule 36 (b) (2). Hence, the defendants are not entitled to dismissal under rule 36 (b) (1) (D).

[5] The reference to a "judicial order" in the Reporters' Notes does not imply that the right to speedy retrial accrues on the date of the rescript, as opposed to the date of issuance of the rescript. See Mass. R. A. P. 23. As we have stated above, there is no certainty of retrial before the issuance of the rescript.

[6] The Appeals Court's reversal of the defendants' convictions was not based on any Federal right; hence the Commonwealth could not seek review by certiorari in the Supreme Court of the United States. See 28 U.S.C. § 1257(3) (1976). We recognize that in cases involving Federal rights the certainty of retrial is subject to the possibility that our decision requiring retrial may be reversed on certiorari. See Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 481 (1975). We note that although the filing of a petition for certiorari does not automatically stay the rescript, the Commonwealth can apply for a stay. See Mass. R. A. P. 23. We need not decide, however, what effect the certiorari process has on the running of the one-year period for retrial.

[7] This date would have been May 29, 1982, a Saturday, and the following Monday was a holiday. See Mass. R. A. P. 14 (a), 365 Mass. 859 (1974).

*Prejudice Under Rule 36 (c).*

In its application for further appellate review, the Commonwealth stated that it would be futile to retry these cases if the Appeals Court's decision were allowed to stand. The defendants claim that, relying on this statement and on the passage of time, they assumed that they would not be retried and made changes in their personal and professional lives. They claim that the Commonwealth's announcement that it intended to retry them caused them severe emotional upset and consequent economic loss. The defendants argue that this prejudice entitles them to dismissal under Mass. R. Crim. P. 36 (c).[8]

The defendants' argument with regard to their reliance on the passage of time is premised upon the untenable notion that a prosecuting attorney has a duty promptly to inform a defendant of his intent to retry. A defendant who has neither sought dismissal of the indictments nor inquired as to the prosecutor's intentions may not assume that he will not be retried, whatever his assessment of the prosecution's likelihood of success. If the defendants had assumed all along, as they should have, that they would be retried, then the prejudice of which they complain would not have arisen. The prejudice cannot be said to result from any lack of diligence on the part of the prosecuting attorney, and rule 36 (c) is thus inapplicable.

The remainder of the defendants' argument amounts to a novel sort of estoppel claim based on the Commonwealth's statement in its application for further appellate review. We may assume, without deciding, that an unequivocal statement by a prosecutor to a defendant that a case will not be retried will bar retrial, even in the absence of a formal

---

[8] Rule 36 (c) of the Massachusetts Rules of Criminal Procedure provides: "Notwithstanding the fact that a defendant is not entitled to a dismissal under subdivision (b) of this rule, a defendant shall upon motion be entitled to a dismissal where the judge after an examination and consideration of all attendant circumstances determines that: (1) the conduct of the prosecuting attorney in bringing the defendant to trial has been unreasonably lacking in diligence and (2) this conduct on the part of the prosecuting attorney has resulted in prejudice to the defendant."

dismissal of the indictments. The Commonwealth's state-ment could not have such an effect. First, the statement was made in the context of appellate advocacy where, as the defendants' own brief demonstrates, a degree of hyperbole is sometimes seen. Second, the statement[9] is one of opinion, not of fact or intention; the strength or weakness of the Commonwealth's case under the decision of the Appeals Court was equally apparent to both parties. See *Goldstein* v. *Tucker,* 230 Mass. 259, 261 (1918). Finally, the inter-pretation placed on the statement by the defendants is con-tradicted by other statements in the very same paragraph of the application. See note 9, *supra.* We agree with the trial judge that any reliance on the statement was unreasonable, indeed "hardly credible." The defendants' wishful thinking cannot estop the Commonwealth from retrying them.

Retrial of the defendants will not violate Mass. R. Crim. P. 36 (b) (1) (D) or rule 36 (c). The Commonwealth's mo-tion to dismiss the report is denied. The denial of the de-fendants' motions to dismiss is affirmed. The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[9] The defendants focus on the first sentence of the following paragraph: "In effect, the Appeals Court has rendered the prosecution of these cases an effort in futility. For while recognizing the necessary admissibility of the fact of the death and the significance of statements made to police in-vestigating the death, the Appeals Court fails to even suggest how this would avoid an inevitable inference of a homicide or improve upon the trial judge's more direct means of controlling the prejudice. The result of this decision will be another lengthy trial at great public effort and ex-pense. Any future convictions will result in additional prolonged stays of sentences and further appeals based on similar claims of prejudice from the inescapable inference of a homicide. Such a result cannot be permit-ted by the state's highest court. The avoidance of such a result is a substantial reason affecting the public interest and interests of justice re-quiring further appellate review of this issue by this court."