COMMONWEALTH *vs.* TIMOTHY JUDD. No. 87-422. December 17, 1987. *Practice, Criminal*, Arraignment, Speedy trial, Assistance of counsel.

The defendant appeals from his conviction on the charge of escape from a prison camp. The defendant, then serving a six- to fifteen-year sentence, escaped on July 31, 1985, from a prison work camp at Warwick, Massachusetts. On August 1, 1985, the District Court in Orange issued a complaint and warrant for his arrest. The defendant turned himself in to authorities in New York State on August 3, 1985. The defendant waived interstate rendition, and Massachusetts authorities took him into custody on September 13, 1985. At that time, the defendant was returned to M.C.I., Cedar Junction. On September 26, 1985, the defendant filed a motion for speedy trial in the District Court. His first appearance before a court was on November 26, 1985, the day he was arraigned in the Superior Court on an indictment obtained in that court by the prosecutor. After the indictment was obtained, the complaint in the District Court was dismissed. In a jury-waived trial in the Superior Court on January 15, 1987, the defendant was found guilty and sentenced to three to five years, to be served from and after the completion of the sentence he was currently serving.

On appeal, the defendant asserts that the Commonwealth's delay in bringing him before a court for his initial appearance or arraignment amounted to a violation of both his right to due process of law and his right to counsel. On those grounds, the defendant argues that the charge against him should have been dismissed.

"A defendant who has been arrested shall be brought before a court if then in session, and if not, at its next session." Mass.R.Crim.P. 7(a)(1), 378 Mass. 855 (1979). The thrust of the policy underlying rule 7(a)(1) goes primarily to preventing the unlawful detention of a defendant and reducing the incentive of police to apply undue pressure upon a defendant in order to obtain a statement. *Commonwealth* v. *Cote*, 386 Mass. 354, 361 n.11

(1982). The usual remedy for failure to arraign a defendant in a timely manner is the suppression of any statement obtained prior to the arraignment, the treatment similarly accorded a defendant who is illegally arrested. *Id.* at 361. The defendant argues that his rights may be vindicated only by the dismissal of the charge against him because he made no statements between the time of his return to custody and the date of his arraignment in the Superior Court, and thus the usual remedy of suppression is of little value.

A dismissal of the charge against the defendant would not serve either of the purposes underlying the rule. Nor has it been made to appear that the defendant suffered any actual prejudice as a result of the delay in his arraignment. See *Commonwealth* v. *Imbruglia*, 377 Mass. 682, 688 (1979). Appointment of an attorney at or close to the time of the defendant's arrest could not have enhanced his defense. In addition, the defendant was not unlawfully detained; rather, the Massachusetts authorities simply returned him to a Massachusetts correctional institution where he continued to serve out the sentence previously imposed. In any event, if there was any prejudice to the defendant, it was negated upon his ultimate arraignment and appointment of counsel. *Commonwealth* v. *Andrade*, 389 Mass. 874, 882 n.4 (1983).

In an attempt to demonstrate prejudice the defendant focuses on the period between arrest and arraignment during which the prosecutor obtained an indictment against the defendant in the Superior Court. The defendant argues that, if he had been prosecuted in the District Court from which the arrest warrant originally issued, rather than in the Superior Court, a sentence in excess of two and a half years could not have been imposed.[1] G. L. c. 127, § 83C. The defendant goes on to argue that because of the delay, he lost the opportunity to plead guilty or nolo contendere and receive a lighter sentence than the one imposed at his trial. As the defendant did not plead guilty in the Superior Court, we think that the argument that he would have done so in the District Court is so speculative as to be without force. Cf. *Commonwealth* v. *Rodriguez*, 380 Mass. 643, 649-650 (1980) (trial judge's conclusory statement that witnesses' memories had probably dimmed was too speculative based on the record below).

In deciding whether to dismiss the indictment, the other significant factor to examine is whether the delay in arraignment was due to deliberate and intentional misconduct on the part of the Commonwealth, either as a means of achieving a tactical advantage, or with reckless disregard for known risks to the defendant's ability to mount a defense. *Commonwealth* v. *Imbruglia*, 377 Mass. at 691. If either of those factors played a role in the delay, the appropriate remedy is dismissal of the charge. *Ibid.*

In this instance, the Commonwealth gained nothing through the delay in the defendant's arraignment, certainly not a tactical advantage. The

---

[1] As already mentioned, the Superior Court judge sentenced the defendant to three to five years.

Superior Court judge found that the delay in arraignment was inadvertent on the part of the Commonwealth. We conclude that such inadvertent delay did not benefit the Commonwealth or prejudice the defendant. No witness's memory was dimmed or blurred by the passage of time; indeed, the defendant called no witnesses, nor did he take the stand himself. Cf. *Commonwealth v. Gove*, 366 Mass. 351, 364 (1974).

The defendant also argues that he was denied his right to a speedy trial. The Massachusetts Rules of Criminal Procedure require that a defendant be brought to trial within twelve months of his return date. Mass.R.Crim.P. 36(b)(1)(C), 378 Mass. 910 (1979). As applied to this defendant's situation, the rules define the return date as the day upon which a defendant, "if under arrest, does first appear before a court to answer the charges against him." Mass.R.Crim.P. 2(b)(15), 378 Mass. 846 (1979).

Because the defendant's arraignment on November 26, 1985, on the escape charge was his first appearance before a court, that date is considered to be his return date for the purposes of rule 36. Under that rule, the defendant should have been tried by November 26, 1986. The defendant has made out a prima facie case of violation of rule 36(b)(1) because his trial occurred on January 15, 1987, fifty days beyond the time allowed. Dismissal is mandatory unless the Commonwealth can sufficiently justify the delay. *Barry* v. *Commonwealth*, 390 Mass. 285, 291 (1983). See also *Commonwealth* v. *Look*, 379 Mass. 893, 898-899 n.2, cert. denied, 449 U.S. 827 (1980).

To justify the delay in bringing the defendant to trial the Commonwealth relies on section (b)(2) of rule 36, which provides for the exclusion of periods "in computing the time within which the trial of any offense must commence." At least one-half of the delay in the defendant's case can be attributed to pretrial motions filed by both the defendant pro se and his several counsel. See, e.g., Mass.R.Crim.P. 36(b)(2)(A)(v) & (vii). Periods of delay for which the defendant is responsible or from which the defendant benefits are excludable from the twelve-month period. See *Barry* v. *Commonwealth, supra* at 295. Here, the defendant had three separate attorneys over the course of seven months. The first change in counsel occurred on March 13, 1986, when a judge allowed the first defense counsel to withdraw. New counsel subsequently was appointed. On May 27, the defendant filed a pro se request for an investigation of his new attorney by the Board of Bar Overseers. On September 8, a judge permitted that attorney to withdraw. Not until October 14, 1986, did the defendant's third attorney file an appearance with the court. For a period of seven months the defendant's representation was in a state of flux. These changes in counsel were in part caused by the defendant, and certainly the changes were allowed in order to benefit him. See *Commonwealth* v. *Domingue*, 18 Mass. App. Ct. 987 (1984). That seven-month period properly may be excluded from the calculations to determine whether the defendant received a speedy trial.

Based on the above exclusions, the Commonwealth has adequately justified the delay from the defendant's arraignment on November 26, 1985, to his trial on January 15, 1987. Moreover, as we have noted, the defendant cannot show that the delay either caused actual prejudice to his defense or afforded tactical advantage to the Commonwealth.

The defendant makes the final argument that he was denied effective assistance of counsel by his third attorney's substitution of a motion to dismiss for violation of due process and right to counsel, for the defendant's pro se motion to dismiss for lack of a speedy trial. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). The defendant's counsel showed no lack of judgment in substituting one motion to dismiss for the defendant's pro se motion. An attorney is not bound to follow every tactic urged or suggested by the client. In any event, as pointed out above, each motion was foredoomed.

*Judgment affirmed.*

*Rosemary P. Tarantino*, Assistant District Attorney, for the Commonwealth.

*Timothy Judd*, pro se, submitted a brief.