COMMONWEALTH vs. KENNETH F. EDGE. No. 88-P-431. September 29, 1988. *Practice, Criminal,* Speedy trial.

A jury in the Wareham District Court convicted the defendant on five complaints charging assault and battery by means of a dangerous weapon (two counts), possession of controlled substances, and trespass. On June 20, 1986, this court summarily reversed the convictions pertaining to the controlled substances and trespass charges and ordered the entry of judgment for the defendant on each of those charges. We also reversed the convictions on the assault and battery charges and ordered those cases to stand for a new trial. 22 Mass. App. Ct. 1108 (1986). The rescript was received and docketed by the clerk of the Wareham District Court on July 21, 1986. Nothing happened thereafter until December 11, 1987, when the defendant filed a motion to dismiss pursuant to Mass.R.Crim.P. 36(b)(1)(D), 378 Mass. 910 (1979), alleging that the Commonwealth had failed to retry him within the one-year period specified by the cited subdivision of the rule.[1] A District Court judge held a hearing on the defendant's motion, found in substance that no action on the defendant's case had occurred for close to seventeen months, and allowed the motion to dismiss. The Commonwealth has appealed.

The judge's order was correct. The pertinent part of the rule required that the defendant be retried within twelve months "after the date the action occasioning the retrial became final." Mass.R.Crim.P. 36(b)(1)(D). As was stated in *Barry* v. *Commonwealth,* 390 Mass. 285, 296 n.13 (1983), "the primary responsibility for setting a date for trial lies with the district attorney." The *Barry* decision also left little doubt about what would occur if the district attorney did not comply with the obligations imposed by the rule. "In future cases where the district attorney has not brought the defendant to trial within the time limits of the rule, as extended by any periods of justified delay, we will not hesitate to dismiss the [charges]." *Ibid.*

The situation here falls within this admonition. The provisions of rule 36 pertaining to retrials are designed to operate in the same manner as the rule's provisions pertaining to pretrial delay. The defendant's motion established a prima facie violation of the rule which required justification by the Commonwealth. *Commonwealth* v. *Barry,* 390 Mass. at 291. See *Commonwealth* v. *Farris,* 390 Mass. 300, 304 (1983). The Commonwealth made no showing that any of the exclusions designated in subdivision (b)(2) of the rule was applicable.[2] Indeed, the prosecutor offered no reason at all for the

---

[1] "(D) If a retrial of the defendant is ordered, the trial shall commence within one year after the date the action occasioning the retrial becomes final, as extended by subdivision (b)(2) of this rule." Subdivision (b)(2) lists the periods that are to be excluded in computing the time within which the retrial must commence.

[2] *Commonwealth* v. *Levin,* 390 Mass. 857, 860 n.4 (1984), and *Commonwealth* v. *Bodden, 391 Mass. 356, 357-358 (1984),* left open the question whether that one-year period specified in rule 36(b)(1)(D) commences on the date of the issuance of the appellate court's rescript or on the date that rescript is received and docketed in

delay. The defendant was not required to show prejudice. *Commonwealth* v. *Look*, 379 Mass. 893, 898 n.2, cert. denied, 449 U.S. 827 (1980).

We do not accept any of the Commonwealth's arguments that the rule should be applied otherwise. The rule does not require a showing that the Commonwealth acted in bad faith. Nor does the defendant become responsible for the delay, in these circumstances, simply by not requesting a trial date. The Commonwealth's unexplained delay is especially unfortunate because the defendant has served his sentences.

*Order affirmed.*

*Linda M. Fleming*, Assistant District Attorney, for the Commonwealth.
*Robert A. Costantino* for the defendant.

the trial court. We have chosen the latter date (July 21, 1986) as the triggering date because it is the date most favorable to the Commonwealth and because the unexplained delay computed from that date far exceeds the one year required by the rule. As a result, we need not decide the issue left open in the *Levin* and *Bodden* cases.