COMMONWEALTH *vs.* LAWRENCE WYSOCKI.

No. 89-P-428.

Hampden. October 6, 1989. - November 16, 1989.

Present: SMITH, CUTTER, & FINE JJ.

*Practice, Criminal*, Speedy trial.

With respect to a criminal defendant's motion to dismiss indictments for failure of the Commonwealth to bring him to trial within one year, as required by Mass.R.Crim.P. 36 (b), the Superior Court judge, on remand, was to hold an evidentiary hearing for purposes of resolving certain issues of credibility raised by the affidavits before him. [48-49]

In the circumstances, a period of thirty-six days needed for a criminal defendant's changes of counsel was to be excluded in measuring the one year within which the Commonwealth was required, by Mass.R.Crim.P. 36 (b), to bring him to trial. [49]

In measuring the one year within which the Commonwealth was required, by Mass.R.Crim.P. 36 (b), to bring a criminal defendant to trial, the Commonwealth established no basis for excluding either the time required for complying with the defendant's requests for discovery [49-50] or the period (exceeding thirty days) during which a certain pretrial motion was under advisement [51].

Based on uncontested portions of a prosecutor's affidavit, this court concluded that a criminal defendant had acquiesced in the delay attributable to a motion to suppress filed by the defendant in a related case, so that this period was excludable from the one year within which the Commonwealth was required, by Mass.R.Crim.P. 36 (b), to bring the defendant to trial. [50-51]

INDICTMENTS found and returned in the Superior Court Department on January 30, 1987.

The cases were heard by *John F. Moriarty*, J., on a motion to dismiss.

*William T. Walsh, Jr.*, Assistant District Attorney, for the Commonwealth.

*Gerald Glasser* for the defendant.

FINE, J.   The defendant is one of more than twenty-five individuals indicted for drug-related offenses as the result of

an authorized wiretap on the telephone of one Francesco
Campiti in Agawam. The indictments against the defendant
allege that he conspired to possess cocaine with the intent to
distribute it and that he was an accessory both before and
after the fact to trafficking in cocaine. In this appeal, the
Commonwealth claims that a Superior Court judge erred in
allowing the defendant's motion to dismiss the indictments
against him for failure to provide a speedy trial.

The defendant was arraigned on March 4, 1987. On Janu-
ary 27, 1989, he moved to dismiss the indictments alleging
that the Commonwealth had failed to bring him to trial
within the time (one year) required by Mass.R.Crim.P.
36(b), 378 Mass. 909 (1979). Six hundred ninety-five days
had elapsed between the date of arraignment (the return
day) and the date of the motion to dismiss. The defendant,
thus, made out a prima facie case of a violation of rule
36(b). To overcome the motion to dismiss, the Common-
wealth had the burden of justifying a delay of 329 days be-
yond the one year period allowed by the rule. *Barry* v. *Com-
monwealth*, 390 Mass. 285, 291 (1983). See also *Com-
monwealth* v. *Campbell*, 401 Mass. 698, 702-704 (1988);
*Commonwealth* v. *Mattos*, 404 Mass. 672, 674 (1989);
Smith, Criminal Practice and Procedure § 2276 (1983).

The judge had before him the following material: the
clerk's log, on which the only entries relevant to the motion
to dismiss related to a pretrial conference (set for April 23,
1987),[1] the hearing and decision on a motion to suppress,
and the filing of a pretrial motion based on *Commonwealth*

---

[1]The parties agree that no pretrial conference was held and no pretrial
conference report was filed. The Commonwealth did not contend in the
trial court, and does not argue on appeal, that, having let the scheduled
date pass without taking any action, the defendant is deemed to have ac-
quiesced in all further delay. See *Barry* v. *Commonwealth*, 390 Mass. at
298 n.16. According to Mass.R.Crim.P. 11, 378 Mass. 862 (1979), attend-
ance at a pretrial conference, as well as the filing of a conference report,
are mandatory. "If the parties fail to file a conference report and do not
appear at the scheduled time, the clerk shall notify the judge and the case
shall be presumed to be ready for trial and shall be scheduled for trial at
the earliest possible time." Mass.R.Crim.P. 11(a)(2)(B).

v. *McCarthy*, 385 Mass. 160 (1982) (*McCarthy* motion); affidavits from defense counsel and the defendant attesting to their availability for trial at all times and asserting that the only excludable period for purposes of rule 36(b) was during the pendency of the pretrial motions; a counter affidavit of Francis W. Bloom, assistant district attorney, relating the history of the prosecution and asserting, among other things, that defense counsel resisted having the defendant brought to trial and failed to attend a scheduled conference[2] ; and a supplemental affidavit of defense counsel agreeing to most of the prosecutor's recitation of the history of the case, but disputing some of his factual assertions and speculating that the prosecutor confused the defendant's case with that of one of the numerous other defendants.

Neither party requested an evidentiary hearing, and the judge held none. He noted in his decision that no trial date had ever been set and that the primary responsibility to set a trial date rested with the prosecutor. The only excludable period the Commonwealth had proved to the judge's satisfaction related to the pendency of the pretrial motions and, even calculating the relevant dates most generously to the Commonwealth, the judge ruled that the excludable period fell

---

[2]Assistant district attorney Bloom stated the following in his affidavit: "Every time this case has been on the list either Mr. Glasser [, counsel for the defendant,] suggested the continuance, actively agreed with the continuance or did not show up. He never requested a trial date, knowing quite well, as a result of our conversations, that if he was raising Rule 36 we would gladly change our preferred order of trying these defendants and we would mark this case up for trial . . . .

"[O]n August 23, 1988, Assistant District Attorney William Walsh sent a letter to Attorney Glasser and all lawyers in this case indicating (letter available) *Commonwealth* v. *Westerman* [one of the related cases] had been scheduled for trial on September 22, 1988. The letter states that by agreement Mr. Glasser's client (Wysocki) and all other defendants had agreed to have their cases heard after Westerman's, but in light of Westerman's trial date, if they wanted a date certain before September 22, 1988, for trial, to call Mr. Walsh. Neither Mr. Glasser nor any other defense lawyer placed a call in response to this letter.

"A second letter was sent on August 23, 1988, indicating that in conjunction with the above letter, an attorney's conference had been set for their cases on October 4, 1988. My records show Mr. Glasser did not appear on that date."

substantially short of the period of justified delay required to overcome the motion to dismiss.

We regard the factual conflict in the affidavits as material. Although "the docket and minutes [or in this case the log] of the clerk are prima facie evidence of facts recorded therein," *Barry* v. *Commonwealth*, 390 Mass. at 289, they may be supplemented by other evidence. See *Commonwealth* v. *Mattos*, 404 Mass. 672, 677 (1989). If the prosecutor's affidavit should be credited, it would establish that during much or all of the period between the later of the two decisions on the pretrial motions (August 15, 1988) and the filing of the motion to dismiss (January 27, 1989), altogether 165 days, the defendant, through counsel, at least acquiesced in the delay. The prosecutor asserts, as a matter of personal knowledge, for example, that during that period defense counsel agreed to, perhaps even suggested, continuances and failed to attend a scheduled conference. The prosecutor also asserts that defense counsel agreed to have one of the related cases, against Gary Westerman, heard first, on September 22, 1988. These facts are material as any delay to which a defendant agrees, which he requests, for which he is responsible, or from which he benefits, is excludable for purposes of rule 36. See *Barry* v. *Commonwealth*, 390 Mass. at 295; *Commonwealth* v. *Farris*, 390 Mass. 300, 305 (1983).

It is true, as the judge noted, that the clerk's log and the affidavits indicate that no trial date was ever set. The judge was also correct in pointing out that the prosecutor is the one primarily responsible for setting the trial date. A defendant does not "become responsible for the delay . . . simply by not requesting a trial date." *Commonwealth* v. *Edge*, 26 Mass. App. Ct. 976, 977 (1988). The prosecutor's affidavit, however, states considerably more than failure on the part of defense counsel to request a trial date. In the context of the multiple prosecutions, the thrust of the affidavit was to place some of the responsibility for the delay on the defendant.

The Commonwealth should have made a formal request for an evidentiary hearing and offered to put the affiant on the witness stand. We might not go so far as to hold that, in

every instance in which affidavits filed in connection with a rule 36 motion raise disputed issues of material fact, a judge must, even sua sponte, hold an evidentiary hearing. There may be cases in which a judge may resolve the disputed questions of fact on the affidavits alone. In the circumstances, however, we do not regard the absence of a specific request for an evidentiary hearing as fatal to the Commonwealth's position. There was a crucial conflict apparent on the face of the affidavits, and the judge made clear in his decision that he was not deciding which of the conflicting affidavits to believe.

We remand the case to the motion judge for an evidentiary hearing for the limited purpose of resolving the issues of credibility raised by the affidavits relating to events following disposition of the motion to suppress. We resolve other aspects of the appeal on the basis of the undisputed material in the record.

1. *April 23, 1987, to May 29, 1987, a period of 36 days.* We think that the Commonwealth adequately justified an additional excludable period of thirty-six days. Defense counsel was appointed at arraignment on March 4, 1987. The parties agree in their affidavits that on April 23, 1987, the first appointed attorney withdrew, representing that there had been a breakdown in communication with the defendant, and a second attorney filed an appearance. The second attorney also withdrew and, on May 29, 1987, the defendant's present attorney first filed his appearance. For the period, between April 23, 1987, and May 29, 1987, during which the defendant's representation "was in a state of flux," the changes in counsel benefited him. *Commonwealth* v. *Judd*, 25 Mass. App. Ct. 921, 923 (1987). Compare *Commonwealth* v. *Domingue*, 18 Mass. App. Ct. 987, 988 (1984).

2. *Other periods the Commonwealth claims are excludable.* We do not agree with the Commonwealth that it adequately justified an additional thirty days to comply with discovery requests. There was no motion filed for the discovery, and there is no reason to assume its provision was anything but routine. Generally a defendant need not object when his

case proceeds in accordance with procedures and timetables established by the rules. Nor has the Commonwealth adequately shown any basis for excluding the period preceding December 29, 1987, when the *McCarthy* motion was filed.

3. *The delay attributable to the motions.* We agree with the defendant that the judge excluded too many days attributable to the combined pendency of the *McCarthy* motion and the motion to suppress. The *McCarthy* motion was filed by the defendant on December 29, 1987, heard on March 18, 1988, and denied on August 15, 1988. The motion to suppress was filed in the case against Campiti on January 22, 1988. The defendant joined in the motion and waived his right to be present at the hearing, which began on March 7, 1988. The motion was denied on July 21, 1988. The periods during which the two pretrial motions were pending, to a large extent, overlapped.[3] The judge excluded the entire period between December 29, 1987, and August 15, 1988 (231 days).

As to the *McCarthy* motion, which remained under advisement for considerably more than thirty days, a somewhat shorter period than that excluded by the judge was justified. See Mass.R.Crim.P. 36 (b)(2)(A)(vii); *Barry* v. *Commonwealth,* 390 Mass. at 294. The excludable period attributable to the *McCarthy* motion would have ended on April 17, 1987, thirty days after the motion was heard. The Commonwealth established, however, that the defendant agreed to the entire delay attributable to the disposition of the motion to suppress. That motion was actually filed, not in the defendant's case but in the case against Campiti, which the Commonwealth intended to try before any of the related cases. According to paragraphs ten and eleven of the prosecutor's affidavit, defense counsel agreed to continue his case until the

---

[3]The defendant does not dispute the judge's finding that all of the time between the date he filed his first motion and the first hearing was excludable. Compare Mass.R.Crim.P. 36 (b)(2)(A)(v). We therefore need not decide whether this should be considered an excludable period. See *Barry* v. *Commonwealth,* 390 Mass. at 294-295 & n.11; *Commonwealth* v. *Moore,* 20 Mass. App. Ct. 1, 6 (1985); *Commonwealth* v. *McCants,* 20 Mass. App. Ct. 294, 295 n.2 (1985).

motion to suppress had been tried and *decided* (emphasis supplied).[4] Defense counsel in his counter affidavit states that the allegations in paragraphs one through eleven of the prosecutor's affidavit are accurate. Resolution of the Campiti motion to suppress would have been dispositive of many, if not all, of the issues in the defendant's case. We conclude, on the basis of the uncontested portion of the prosecutor's affidavit, that the defendant at least acquiesced in, if, indeed, he did not benefit from, the delay of his trial at least so long as Campiti's motion to suppress was pending. Therefore, the 205 days between December 29, 1987, and July 21, 1988, when the Campiti motion was denied, were excludable. Contrary to the ruling below, however, the delay between July 21, 1988, and August 15, 1988, when the *McCarthy* motion was denied, is not excludable.

In summary, of the 329 days the Commonwealth had to justify, it has justified 241 days, thirty-six for change of counsel and 205 for motions. There is a factual issue as to 165 days. The burden is on the Commonwealth to prove that the defendant was responsible for the delay of at least eighty-eight of those 165 days.

Accordingly, we vacate the dismissal of the indictments and remand the case to the motion judge in the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[4]Although the Commonwealth suggests in its brief that the defendant agreed to a continuance as early as May 29, 1987, nothing in the prosecutor's affidavit establishes that such agreement took place any earlier than January 22, 1988, when the defendant joined the Campiti motion.