COMMONWEALTH *vs.* JAMES E. DOMINGUE. No. 90-P-972. August 31, 1992. *Practice, Criminal*, Assistance of counsel, Speedy trial, Delay in commencement of prosecution. *Due Process of Law*, Delay in commencement of prosecution. *Constitutional Law*, Assistance of counsel. *Waiver*.

The defendant, whose convictions of assault by means of a dangerous weapon and other crimes were affirmed in *Commonwealth v. Domingue*, 18 Mass. App. Ct. 987 (1984), appeals now from the denial of his motion for postconviction relief on grounds of ineffective assistance of counsel. His trial counsel performed deficiently, he claims, because, although he sought dismissal of the indictments for want of a speedy trial under Mass.R.Crim.P. 36, 378 Mass. 909 (1979), he neglected to move for dismissal on constitutional grounds. The right to a prompt trial that has its source in rule 36 "is wholly separate from [a] defendant['s] constitutional right to a speedy trial." *Commonwealth v. Lauria*, 411 Mass. 63, 67 (1991). Nevertheless, the denial of the motion for postconviction relief was not erroneous. There was nothing in the motion that suggested that dismissal would have been granted if sought on constitutional grounds. It is generally accepted "that rule 36 provides protection at least as great as the constitutional rights to speedy trial." *Commonwealth v. Levin*, 390 Mass. 857, 858 n.2 (1984). In important respects, such as the allocation of burden of proof to the Commonwealth and the lack of necessity for showing

---

that the defendant was prejudiced by the delay, it is normally easier for a defendant to win dismissal under rule 36. See, e.g., *Commonwealth* v. *Bunting*, 401 Mass. 687, 692 (1988); *Commonwealth* v. *McColgan*, 31 Mass. App. Ct. 932, 933 (1991). See also *Commonwealth* v. *Imbruglia*, 377 Mass. 682, 691-692 (1979); Smith, Criminal Practice and Procedure § 2273 (2d ed. 1983). The only analytical difference we have discovered that could make the defendant's burden theoretically easier under constitutional principles — the use of traditional indicia of waiver of rights under the rule[1] — is largely offset by the focus, in the constitutional analysis, on the reasons for the delay, the defendant's assertions of his speedy trial right, and prejudice to his defense. *Barker* v. *Wingo*, 407 U.S. 514, 530-533 (1972). *Commonwealth* v. *Look*, 379 Mass. 893, 898 (1980). *Commonwealth* v. *Gove*, 1 Mass. App Ct. 614, 621 (1973). As nothing in the motion or accompanying papers suggests that the outcome would have been different had the motion to dismiss for delay been framed in constitutional terms, the defendant has failed to show that he was "deprived . . . of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

The judge fully dealt with the defendant's contention that the dismissal of charges against a codefendant but not against himself violated his right to equal protection of the laws. Their situations were materially dissimilar.

> *Order denying motion for post-*
> *conviction relief affirmed.*

*Emanuel Howard* for the defendant.
*Judith Ellen Pietras,* Assistant District Attorney, for the Commonwealth.

---

[1]See *Barry* v. *Commonwealth*, 390 Mass. 285, 296 (1983); *Commonwealth* v. *Farris*, 390 Mass. 300, 305 (1983); *Commonwealth* v. *Carr*, 3 Mass. App. Ct. 654, 656 (1975). Hence, under rule 36, the usual formulation is that "[w]hen a defendant has agreed to a continuance, or has not entered an objection to delay, he will be held to have acquiesced in the delay." *Barry* v. *Commonwealth*, 390 Mass. at 298.