In this consolidated appeal, Rinaldo Delgallo appeals from his conviction of one count of assault and battery, the order denying his motion for reconsideration of his motion to dismiss pursuant to Mass.R.Crim.P. 36, 378 Mass. 909 (1979) ( rule 36 ), and the order denying his motion for a new trial. We affirm.
Background. We summarize the relevant facts as they could have been found by the jury, reserving certain factual and procedural details for the discussion below.
In October, 2012, the defendant and the victim were roommates. They lived in a four-bedroom house along with the victim's girl friend, her two children, and an additional roommate. The victim and defendant experienced conflict "[a]ll the time."
On October 15, 2012, the victim observed the defendant's papers and other belongings on a table of the victim's in the living room. The victim asked the defendant to keep his belongings off of that table and moved the defendant's belongings onto the defendant's table. The victim testified that the defendant began yelling, tried to grab the belongings from the victim, hit the victim in the face, and grabbed the victim and choked him. The victim called the police. An officer responded and spoke with both men. The officer did not observe physical injuries on the defendant. The officer observed that the victim's face was red and swollen and his neck was red and had some scratches. At trial, the Commonwealth introduced photographs of marks on the victim's arm, neck, and face.
Discussion. 1. Speedy trial. a. Rule 36. The defendant was scheduled for trial on March 5, 2014, which the parties agree was day 364 under rule 36. That rule provides that a defendant must be tried "within twelve months after the return day in the court in which the case is awaiting trial." Mass.R.Crim.P. 36(b)(1)(C). However, some periods of time are excluded under the rule or if the defendant "acquiesced in, was responsible for, or benefited from the delay." Commonwealth v. Davis, 91 Mass. App. Ct. 631, 632 (2017), quoting from Commonwealth v. Spaulding, 411 Mass. 503, 504 (1992). "To overcome the motion to dismiss, the Commonwealth had the burden of justifying a delay ... beyond the one year period allowed by the rule." Commonwealth v. Fleenor, 39 Mass. App. Ct. 25, 27 (1995), quoting from Commonwealth v. Wysocki, 28 Mass. App. Ct. 45, 46 (1989). "In order to meet its burden, the Commonwealth does not have to demonstrate that the defendant assented, on the record, to the various continuances of the trial dates. Rather, ... it is the obligation of defense counsel to object to delay (emphasis supplied)." Fleenor, supra (quotation omitted). "A failure to object to a continuance or other delay constitutes acquiescence." Commonwealth v. Tanner, 417 Mass. 1, 3 (1994).
Here, the parties do not dispute that, on day 364, the case was continued because the judge scheduled for the trial session was absent. The case was continued to April 29, 2014. On April 29, before trial started, the defendant filed a motion to dismiss pursuant to rule 36. The question is whether the defendant properly objected to the continuance to April 29.
The Commonwealth relies on the docket, which is devoid of a defense objection to the continuance. "For purposes of a rule 36 calculation of excludable periods, the docket and the clerk's log are prima facie evidence of the facts recorded therein." Commonwealth v. Roman, 470 Mass. 85, 93 (2014). The docket also does not indicate that there was a judge present in the court room to note any objection; rather, the docket reflects that the judge was "[w]aived" that day.[3]
The defendant contends, however, that there was a judge briefly present in the session to announce the scheduled judge's absence and that trial counsel orally objected to the continuance while that other judge was in the court room. The judge on the motion for reconsideration did not hear sworn testimony on the issue, but the defendant addressed the motion judge and stated that his memory was that an objection was made and a judge was present.[4] He also argues that the docket in this case is not controlling because there is a confirmed error in an earlier docket entry.[5] However, past errors are insufficient to conclude that the March 5 docket entry was erroneous. See Commonwealth v. Denehy, 466 Mass. 723, 727 (2014) (defendant's contention that docket erroneously reflected that rule 36 motion was withdrawn was unsupported as "[a] party's self-serving and uncorroborated assertions of what transpired at trial cannot serve as grounds to contend that the official record of the proceedings, prepared by a neutral court official, was falsified" [quotation omitted] ). Simply put, the motion judge was not required to credit the defendant's self-serving statements. See Commonwealth v. McWilliams, 473 Mass. 606, 621 (2016) ("[A] motion judge may reject a defendant's self-serving affidavit as not credible" [quotation omitted] ).[6]
Additionally, the defendant argues that a session clerk was present in the court room and had the power to note the objection. Any objection that was made to the clerk was inadequate. See Fleenor, 39 Mass. App. Ct. at 28 n.4 (defense counsel following "local practice" and objecting to session clerk was insufficient to object under rule 36 ).
The defendant was obligated to formally object to a continuance to preserve his rule 36 rights; he failed here to meet his obligation and demonstrate that he adequately objected to the continuance before a judge. See Commonwealth v. Taylor, 469 Mass. 516, 524 (2014) (defendant is required to "explicitly and formally object, on the record, to each and every proposed continuance or delay"); Commonwealth v. Bourdon, 71 Mass. App. Ct. 420, 428 (2008) ("Where obligations to inquire and object exist, defense counsel must do more than inquire and register the defendant's objection over the back fence. Such casual steps do not suffice"). We therefore discern no error in the denial of the defendant's motion for reconsideration of the motion to dismiss pursuant to rule 36.
b. Ineffective assistance of counsel. The defendant argues in the alternative that the motion judge erroneously denied his motion for a new trial because trial counsel's failure to properly object to the continuance amounted to ineffective assistance of counsel.
Where the defendant's motion was based on a claim of ineffective assistance of counsel, we review by applying the familiar two-part test: (1) whether the defendant demonstrated "serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer," and, if found, (2) whether counsel's poor performance "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
The motion judge found that trial counsel's failure to object was ineffective assistance, but that the defendant did not show that the failure was prejudicial. We agree. Even if the defendant properly objected on March 5, the Commonwealth's time to try the case pursuant to rule 36 did not pass until the following day. The defendant did not provide any evidence that, had counsel properly objected, the Commonwealth could not have requested another judge for trial that same day, or that the case could not have been continued one day and tried in a timely manner.[7]
The defendant also asserts that, on March 7, 2014, two days after the continuance was ordered and one day after the speedy trial deadline, he contacted trial counsel via electronic mail and asked trial counsel to file a written objection that the defendant drafted to preserve the defendant's rule 36 rights.[8] Although a defendant may file a written objection to a continuance, see Fleenor, supra at 28 n.4, the defendant did not show that he experienced prejudice from trial counsel failing to file what would have been an untimely objection. See Spaulding, 411 Mass. at 505-506 ("[A] defendant who does not object when a trial date passes without any action being taken will be deemed to have acquiesced in that delay"), and cases cited. Contrast Denehy, 466 Mass. at 728-729 (trial counsel was ineffective for failing to preserve meritorious rule 36 motion and counsel's errors prejudiced defendant by requiring him to proceed to trial). We cannot conclude that trial counsel's failure to object to the continuance prejudiced the defendant.
2. Additional alleged errors. The defendant also challenges the cumulative effect of several trial errors. Where the defendant did not object at trial, "we must determine whether the error created a substantial risk of a miscarriage of justice." Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).
The defendant contends that the Commonwealth elicited improper testimony from the police officer who responded to the victim's 911 call. The officer testified that the victim told him that the defendant "approached him in an aggressive manner ... and that he then pushed [the victim] down into a couch, choked him briefly, and then punched him in the face." However, the officer's testimony on this point was merely cumulative of the victim's testimony. See Commonwealth v. Wilson, 427 Mass. 336, 348 (1998) ("The improperly admitted hearsay did not prejudice the defendant because it was merely cumulative of properly admitted evidence ... [and] the defendant was not prejudiced in light of the other evidence of his guilt" [citations omitted] ).
The defendant further argues that trial counsel was ineffective for failing to request a defense of property instruction.[9] See Commonwealth v. Donahue, 148 Mass. 529, 531 (1889) ("[A] man may defend or regain his momentarily interrupted possession by the use of reasonable force"). The defendant does not contend that he was entitled to hit the victim and argues on appeal only that he had the right to take back his papers. Trial counsel argued that the defendant acted in self-defense after the victim pushed and kicked the defendant, and that the defendant physically responded thereafter. The defendant's own testimony was that he grabbed the files and pushed and hit the victim after the victim pushed and kicked the defendant. Trial counsel's request for an instruction on self-defense but not on defense of property was not ineffective where the defendant was not entitled to the defense of property instruction. See Commonwealth v. Gill, 37 Mass. App. Ct. 457, 462 n.3 (1994).
The defendant also contends that the Commonwealth mischaracterized his testimony and improperly argued in closing that the defendant "could have simply walked off" because only a two-foot high circular table was between him and the door. The defendant testified that the table was the only furniture between himself and the door, but that the victim was also between himself and the door. Even if error, "it does not constitute reversible error in the entire context of this case." Commonwealth v. O'Connell, 432 Mass. 657, 660 (2000), and cases cited. We similarly consider the challenges to certain opinion testimony and testimony of prior bad acts. "After review of the entire record, we reject the defendant's argument that there were several errors which, although individually insufficient to require reversal, cumulatively present a substantial risk of miscarriage of justice." Commonwealth v. Zavala, 52 Mass. App. Ct. 770, 777 (2001) (quotation omitted).
Judgment affirmed.
Order denying motion for reconsideration of motion to dismiss for violation of Mass.R.Crim.P. 36 affirmed.
Order denying motion for new trial affirmed.

Consistent with the docket for March 5, 2014, there was no audio recording that day, as, according to the docket entry regarding the defendant's request for the recording, "there was no session and the jury session lost [its] judge."

The record from the motion for reconsideration does not include affidavits from either the defendant or trial counsel. The record does include affidavits from the defendant and trial counsel that were filed in support of the defendant's subsequent motion for a new trial. The defendant asserts in his affidavit that trial counsel orally objected to the continuance. Defense counsel states in his affidavit that he does not recall whether he objected to the continuance on March 5, 2014, or who was present in the court room. In reviewing the order denying the motion to reconsider, we cannot consider affidavits not before the motion judge at the time of the decision. The matter is of no moment, however, because the defendant stated his memory to the motion judge, consistent with his later-filed affidavit.

The docket for September 24, 2013, does not reflect that the defendant objected to a continuance that day. However, the motion judge listened to the audio recording of that date and found that the defendant objected to the continuance.

After the defendant's motion for reconsideration was denied, the defendant filed a motion to "settle [the] record pursuant to appellate procedure rule 8(e)" as to whether a judge was present at any point on March 5, 2014. The docket states that no action was taken on the motion to settle the record, as the judge who the defendant alleges was present "would not remember one way or another." The defendant did not file a notice of appeal from this order. The defendant's second notice of appeal states that he appeals from the ruling on his "Motion for Evidentiary Hearing To Correct Incomplete and Ambiguous Docket." The defendant, in his motion for reconsideration, asked in the alternative that the judge take additional evidence to reconstruct the record. The defendant pursues no argument on this subject on appeal.

The motion judge declined to speculate about whether the trial could have been scheduled on the following day. However, he did note that the following day was a Thursday, "a day that the Pittsfield District Court regularly has jury trials."

The defendant initially miscalculated the rule 36 deadline and indicated that March 27, 2014, was the last day that the case could be tried without violating rule 36.

The defendant also raised this argument in his motion for a new trial. Trial counsel stated in a sworn affidavit that he did not believe that there was a basis for the instruction.