SUPREME JUDICIAL COURT 
 
 COMMONWEALTH vs. RACHELLE SCORDINO

 
 Docket:
 SJC-13474
 
 
 Dates:
 September 24, 2024
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Uttering Forged Instrument. Negotiable Instruments, Forgery. Forgery. Evidence, Intent. Intent. Practice, Criminal, Required finding.
 
 

       After cashing a single check from a person
who did not know her, the defendant, Rachelle Scordino, proceeded to a
jury-waived trial on one count of larceny by check and one count of uttering a
false check.[1]  At the close of the
Commonwealth's case, the defendant moved for a required finding of not
guilty.  The judge granted the motion
with respect to the larceny charge and found the defendant guilty of
uttering.  The Appeals Court reversed the
conviction.  See Commonwealth v.
Scordino, 102 Mass. App. Ct. 586 (2023). 
We granted the Commonwealth's application for further appellate review
and reverse the conviction.  
      1. 
Facts.  On May 11, 2017, the
defendant entered a bank (where she had an account), presented her driver's
license, and cashed a check made payable to her in the amount of $950.  The check was drawn from the Adams Family
Living Trust and was purportedly signed by Phyllis Adams, a trustee on the
account (account holder).  The account
holder reported to the police that she was missing checks from her checkbook
after noticing that several checks had been drawn on her account.  At trial, the account holder testified that
she had never before seen or met the defendant and would have no reason to pay
her.  
      2. 
Discussion.  "The elements of
the crime of uttering, G. L. c. 267, § 5, are '(1) offering as
genuine; (2) an instrument; (3) known to be forged; (4) with the intent to
defraud.'"  Commonwealth v.
O'Connell, 438 Mass. 658, 664 n.9 (2003), quoting Commonwealth v. Levin, 11
Mass. App. Ct. 482, 496 (1981), S.C., 390 Mass. 857 (1984).  The Commonwealth presented the following
evidence to prove the defendant's knowledge that the check was forged, and
intent to defraud:  (1) the account
holder did not authorize the check, (2) the account holder had no reason to pay
the defendant, and (3) the defendant cashed the check drawn on the account of a
stranger.  None of these facts adequately
establishes the elements of knowledge and intent.  Although the first two pieces of evidence
contribute to an inference that the check was forged, the Commonwealth failed
to connect those facts to the defendant. 
See Commonwealth v. Oliver, 494 Mass.    ,
    (2024).  Similarly,
the fact that the defendant cashed a check from an account holder unknown to
her is insufficient to prove that she had knowledge of the forgery or that she
intended to defraud.  See id. at
   .  Thus, the evidence
presented cannot sustain a conviction of uttering a false check.[2]  See id. at    , quoting
Commonwealth v. Lopez, 484 Mass. 211, 216 (2020) ("[N]o essential element
of the crime may rest in surmise, conjecture, or guesswork").  
      3. 
Conclusion.  Because the
Commonwealth's evidence was insufficient as a matter of law, the judgment of
the District Court is reversed, the verdict is set aside, and judgment shall
enter for the defendant.        
So ordered.
      Laurie Yeshulas for the defendant.
      Daniel DeBlander, Assistant District
Attorney, for the Commonwealth.

footnotes

[1] The
Commonwealth dismissed a third count, forgery of a check in violation of G. L.
c. 267, § 1, immediately prior to trial.

[2] The defendant
also claims that the Commonwealth's closing argument created a substantial risk
of a miscarriage of justice and, in the alternative, that trial counsel was
ineffective for failing to object. 
Because we reverse the conviction on sufficiency grounds, we do not
reach these claims.